Henderson, Judge.
 

 Colour of title, as applicable to the present subject, is evidently the production of our own country. I will not, therefore, go abroad for an explanation; the name, I presume, was taken from what is called giving colour in pleading, which is never used in this State, and not often, I believe, in England. The word is not to be found in the act of 1715; it is first used in our act of 1791. Giving colour in pleading, is giving to your adversary a title
 
 which is
 
 defective, hut not so obviously so, that it would be apparent to one not skilled in the law, it must be such as would perplex a layman; it, therefore, draws the consideration of the question from the Jury, (the lay gents,) to the Court, which is the object of the pleading. I think we should
 
 *121
 

 go
 
 no further than our act of 1715, at most not further than the act of 1791, on the question we are now investigating. The 2nd section of the act of 1715, ratifies and confirms all sales made by creditors, executors or administrators, husbands and their wives, husbands seised in right of their wives, or by indorsement of patents,
 
 or otherwise,
 
 where the possessor shall have been, in possession for seven years; The act of 1791, confirming possessions against the State, uses the same phraseology, except that the words
 
 other colourable
 
 title, are substituted for the words, “
 
 or otherwise,”
 
 used in the act of 1715. The words, “or otherwise,” and “ other colourable title,” mean title of the
 
 like
 
 kind. Those mentioned in the act are all written
 
 ones;
 
 are all such as, upon their face, profess to pass the title; in some of them, conveyance is
 
 sufficient
 
 to pass the title, but the
 
 defect
 
 lies in the want of title in the grantor $ in the last instance put, the indorsement of a patent, the conveyance is defective. The defect, in that case, is not in the want of title in the grantor, but in the defective conveyance which he has
 
 used;
 
 and if we take the words of the iict of 1791, “ other colourable title,” as an exposition of the words “or otherwise,” in the act of 1715, and expound colourable title, by what is meant by giving colour in pleading, the only case in which I find co-lour of title used anterior to the acts before mentioned; colour of title may then be defined to be a
 
 writing,
 
 upon its face
 
 professing
 
 to pass title, but which does not do it, either from a want of title in the person making it, or the defective mode of conveyance that is used; and it would seem, under the act of 1791, at least, that it must not be plainly and obviously defective, so much so that no man of ordinary capacity could be misled by it. The colour of title set up in this case, not being in writing, for he proves the purchase by parol only, wants one of the essentials before mentioned, and is, therefore, insufficient j if the purchase appeared in the Sheriff ’s return,.
 
 *122
 
 it would then be necessary to examine whether such' a return professed to pass the title. What is said as to what may be the effect of the words,
 
 oilier colourable ti-tie,
 
 used in the act of 1791, upon the possessions which that act confirms, I beg to be considered as a mere
 
 obiter dictum,
 
 for that act cannot affect the construction of the act of 1715, which,
 
 alone,
 
 we are now’ considering.
 

 Taylor, Chief-Justice, and Hax/u, Judge, concurred.