Gaston, Judge.
 

 — The first question in this case arises on the admissibility of certain testimony. The defendant offered in evidence a paper writing signed by E. Sharpe, deputy sheriff, setting forth, that at the October Court, 1810, at the request of the sheriff, he had sold to the defendant the tract of land in controversy on an execution, at the instance of Robert Williamson, to the use of the defendant, against Joseph Dobson. The plaintiff objected to the reception of this instrument as evidence, but the Court, nevertheless, admitted it. The record does not show distinctly the purpose for which the evidence was offered. It seems to us, that it was not proper evidence of the fact of the sale, or of the truth of any of the matters therein declared. Offered for any such purpose, it conflicts with the general rule, that the oral or written assertion of no man is evidence of the truth of the fact asserted ; and it is
 
 *590
 
 not brought within the range of any of the exceptions to that rule, which necessity or policy has established. If it had appeared that Sharpe was dead, then it might have been admitted as the declaration of a fact, in the regular course of business, by one who possessed peculiar means of knowing the fact, and who laboured under no temptation, bias or influence, to misrepresent it. But as the case does not state that Sharpe was dead, we must suppose him alive: and surely his declaration on oath in open court, in regard to the fact of the sale, was greatly to be preferred to any certificate he had given about it. This writing was not in the nature of any of those formal and authentic testimonials, made by persons entrusted with public authority ; which, to the extent of that authority, are viewed by the law as public documents, and are evidence, more or less conclusive
 
 against all,
 
 of the matters thereby certified. It is not an act purporting to be official, like a return upon a writ, and if it were, the sheriff’s deputy is not known to the law as a public officer.
 
 Holding
 
 v.
 
 Holding,
 
 2 Car. Law Rep. 440.
 
 M‘Murphey
 
 v.
 
 Campbell,
 
 1 Hay. 181.
 
 State
 
 v.
 
 Johnson,
 
 Ibid. 294. We think, however, that it was admissible testimony, merely to show upon what information the sheriff proceeded to execute a deed for land which he had not personally sold ; and as thus throwing light on a matter which was greatly disputed — the good or bad faith of that transaction; and that being admissible for that purpose
 
 only,
 
 the jury should have been instructed not to regard it as evidence for any other. The case does not show that any instruction was prayed for, in regard to the effect of this evidence, nor state what instruction, in fact, was given respecting it. If there had been cause of exception to the charge of the court, in relation to this matter, it should have been taken. Although
 
 apprehensive
 
 that it may have been used for a purpose not legitimate, we cannot hold for error its mere reception.
 

 The plaintiff has no just cause of complaint against that part of the Judge’s instruction which advised the jury, that where a sale is made under a valid judgment and execution, and a deed is subsequently executed, and such a sale and deed are fair, the deed has relation back to the
 
 *591
 
 sale, and operates to pass the title from that time. We consider this as unquestionable; and if every thing else be regular and fair, we think the law raises no presumption of fraud against the deed, merely because it bore date as of the time of the sale. It is certainly most correct, that all instruments should correspond with the precise facts of the transaction, which they testify, as far as legal forms will permit; and the antedating of a deed, which operates from its
 
 delivery,
 
 is a circumstance well warranting a suspicion of unfair intent. But the sheriff’s deed, in this case — supposing the judgment and execution valid, and the salé fair — would operate alike from the sale, whatever the date given to it, and whether made by him in office or out of office. But however unexceptionable this part of the instruction may be, the facts did not warrant a verdict for the defendant, unless his title was perfected by possession. The judgment and execution are set forth, and the execution is not supported by the judgment. We understand the English rule to be, that a vendee under the sheriff, when a stranger to the suit in which the execution issued, is not obliged to show a judgment, but obtains a sufficient title under the execution ;
 
 (Doe ex dem. Batten
 
 v.
 
 Murless,
 
 Sel. 110,) but that if the vendee be the plaintiff in the suit, he must also show a judgment.
 
 Doe ex dem. Bland
 
 v.
 
 Smith,
 
 2 Stark. Cas. 199 ; 3 Eng. Com. Law Rep. 312.
 
 Burton
 
 v.
 
 Cole,
 
 Car. 443. In this state, however, it has long been settled, that a purchaser at an execution sale, must show a judgment as well as an execution. Unless the execution be warranted by a judgment, it will protect the officer, but will not avail to operate a transfer of the defendant’s property. The judgment offered in evidence, was rendered at the April term, 1809, of Burke County Court, for the sum of sixty-six pounds, and costs. An execution is shown, corresponding with this judgment, tested of the July term, 1809, on which there is a return by the sheriff, that the sum of ten pounds has been raised by a sale to William Murphy; and then is shown the execution under which it is alleged the sale of the land in controversy, was made to the defendant, tested of the July term, 1810, for the sum of “ sixty-seven pounds, three
 
 *592
 
 shillings and six pence, a balance of judgment, and three shillings and nine pence for costs.” A judgment for sixty-six pounds gives no more validity to an execution for sixty-seven pounds, three shillings and six pence, than a judgment for six pence to an execution for a thousand pounds. As the verdict for the defendant would be against law, if founded on this part of the case, we must presume that it \vas rendered for him, in conformity to the Judge’s instructions on .the effect of his continued possession. This imposes on us the necessity of examining the correctness of his Honor’s charge in relation thereto.
 

 On this point the Judge charged, that the return made by the sheriff of hi? levy, and the indorsement made by his deputy of the sale under execution, were a “ colour of title,” from the time the sheriff recognised the sale as his; and further, that the sheriff’s deed, if void for irregularity,
 
 did
 
 not have relation back to the sale to constitute colour of title. This Court is of opinion, that in the first part of this instruction there is error.
 

 One of the'members of the Court, the Chief Justice, yields to this opinion with much hesitation. He is disposed to hold, that any written evidence, accompanying a possession, showing the character of that possession to b e adverse, and on a claim of title, indicates a sufficient colour of title under the act of 1715. But the other members of the Court are satisfied that at this day, it is not permitted to give such a liberal interpretation to the act. They believe that it would be at variance with the spirit, if not the letter of numerous. adjudications. These seem to have settled that no claim of a title set up under the alienation of another, is sufficient to warrant the claimant in alleging that he settled upon the land under a colour of title, with a fair expectation of enjoying it, as his own, unless it be made to appear that he had some written document of title,
 
 professing to pass the land,
 
 and one not so obviously defective, that it could not have misled a man of ordinary capacity. Such was decidedly
 
 the
 
 opinion of the late Chief Justice Henderson, on the second hearing of the case of
 
 Tate and Southard,
 
 (see 3 Hawks, ■119), although he had intimated in the former hearing,
 
 *593
 
 what we are not aware had been intimated by any other Judge, that possibly a sheriff’s return of a sale on a
 
 fi. fa.
 
 might be sufficient colour of title. We hold it clear, that such a return does not profess to pass a title, and is not understood by any man of ordinary capacity, as either passing, or professing to pass a title. Not feeling entire confidence that his impression could be reconciled with the adjudications, and expressed opinions of our predecessors, and joining in the anxious wish that, so far as any precision has been given to this perplexing subject, it may be preserved inviolate; our brother Ruffin does not press this hesitation to the length of a dissent. And the judgment on this, as on all the other parts of the case, is unanimous. We are not certain, that we correctly apprehend the meaning of the Judge in the last part of the charge, wherein he denies, any efficacy by relation to a sheriff’s deed if “void for irregularity.” We are not aware of any irregularity attributed to it other than fraud, and we decidedly hold, that if, in truth, it were fraudulent, that is to say, did not evidence an actual sale under an execution, it could not be connected with that execution. But if there was an execution which gave power to the sheriff to make' a levy on the land in question, and if, under that execution, a fair sale was made by authority of the sheriff, and the purpose of the deed is to authenticate’ that transaction, then we hold that the sheriff’s deed is but the consummating ceremony of that transaction, and makes it operate as from the sale, whether it thereby, in law, transfers, or only professes to transfer, the title in the thing sold. It is like a bargain and sale, which must be enrolled before it can have any efficacy, but if enrolled in due time, gives title or colour of title, as the case may be, from the time of its execution.
 

 The judgment must be reversed, because of misdirection with respect to profession and colour of title, and a new trial had below.
 

 Pee CuRiam. Judgment reversed.