This is an action brought by plaintiff to recover damages for an alleged trespass on the lands described in the complaint. Plaintiff alleged title and possession at date of trespass. Defendants denied plaintiff's title, and alleged ownership of the land, possession, etc. The jury found the issues for defendants. It appears that, prior to August, 1882, the lands in controversy were the property of one Henry Foreman. Plaintiff introduced a deed from the heirs of Foreman, who died during 1896. The date of this deed does not appear from the record and is not material. He next introduced a witness who testified that defendants had entered upon the land and cut timber subsequently to the date of his deed. It was admitted that both parties claimed title under Henry Foreman.
Defendants introduced a deed, bearing date 3 August, 1884, from Sawyer, sheriff of Camden County, containing the following recital: "Whereas the taxes assessed for the year 1882 on the following lands and tenements in Camden County, to wit, 150 acres of swamp land, bounded by the Pasquotank River, the lands belonging to the county of Camden, known as the Poorhouse land, and other lands (for further description of said land see deeds from G. W. Charles and wife, Fanny, and Edwin Ferebee to Henry Foreman in Book DD, pages 78 and 79), remained unpaid after the time limited by law, M. N. Sawyer, sheriff of Camden County, levied on said lands and returned his levies to the clerk of the Superior Court of said county; and the said sheriff, after advertising and giving notice according to law, sold said lands, to pay said taxes and costs, at public auction at the courthouse in Camden, on 2 July, 1883, when and where John A. Bartlett became the purchaser at the sum of $11.25, and has paid the said sum; and the owner of the lands and tenements having failed to redeem the same." (497) Following this recital is the usual clause conveying the land. The deed was duly recorded 27 December, 1884. Plaintiff objected and excepted to the admission of this deed. Defendants introduced the record of Camden County, showing (1896) a survey of lands, pursuant to Revisal, sec. 1505. Plaintiff objected and excepted. The tax list of 1882 was introduced, showing that no lands were listed for taxation by Henry Foreman. There was evidence tending to show that the survey covered the lands in controversy, and that defendant Bartlett was in possession after the date of the sheriff's deed; that plaintiff offered to buy the land of defendant Bartlett in 1904. Plaintiff showed by records that no receipt was recorded from the sheriff to defendant Bartlett. A number of exceptions are set out in the record to his Honor's charge, etc. Judgment for defendants, and appeal by plaintiff. *Page 363 
Conceding that the deed executed by the sheriff to defendant, pursuant to his purchase at the sale of the land for nonpayment of the tax due thereon, is invalid and conveys no title, because of the statutory duty of the sheriff to bid it in for the county, where no person is willing to pay the tax for some portion less than the entire tract, the question is presented whether it does not constitute color of title, within the meaning of the statute of limitations. Revisal, sec. 382. There was evidence tending to show, and we must assume that the jury found, under his Honor's instruction, that defendant Bartlett entered into possession of the land claiming title thereto under the deed, and remained in possession adversely to the owner, Foreman, more than seven years prior to his death. The plaintiff's claim, based upon the deed from Foreman's heirs at law, assumes that the deed was void on its face, and, for that reason, was not (498) color of title. He presents this view by objecting to the introduction of the deed in evidence and by exceptions to his Honor's instruction to the jury. If his position is correct, of course the deed was inadmissible for any purpose. His Honor admitted it as color of title. The correctness of this ruling depends upon the question whether, in any point of view, it was color of title, and whether the seven years possession under it barred the entry of Foreman or his heirs. In Tate v. Southard,10 N.C. 119, this Court said: "Color of title is a writing upon its faceprofessing to pass title, but which does not do it, either from the want of title in the person making it or the defective mode of conveyance that is used. . . . It must not be plainly and obviously defective — so much so that no man of ordinary capacity could be misled by it." This definition was considered with unusual care by the Court in Dobson v. Murphy,18 N.C. 586, because of a slight divergence of opinion between the judges. While Ruffin, C. J. thought that the definition should be more comprehensive, he yielded to his associates, "not pressing his opinion to a dissent." In a carefully considered opinion by Rodman, J., in McConnell v.McConnell, 64 N.C. 342, all of the decisions to that time were reviewed and approved, the Court holding that a will having but one witness was color of title. It had formerly been held, in Pearce v. Owens, 3 N.C. 234, that a deed conveying the real estate of a married woman, without private examination, was color of title. The same ruling was made in Perryv. Perry, 99 N.C. 270. In both instances the statute was explicit and peremptory in requiring two witnesses in one case and the private examination in the other. It was conceded that both instruments were *Page 364 
void as muniments of title. In Avent v. Arrington, 105 N.C. 377, Avery,J., reviews the decisions and holds that a deed sufficient in form to convey title, signed, but not sealed, was color of title. Nothing is better settled than that a seal is essential to the valid execution (499) of a deed to pass title. In Neal v. Nelson, 117 N.C. 393 (404), Mr. Justice Avery again reviews the decisions, and concludes, adopting the view of Ruffin, C. J., in Dobson v. Murphy, supra, that a levy upon land sufficiently described, followed by sale and payment of the money, is color of title sufficient to ripen in to title, after an adverse possession of seven years, without any deed by the sheriff. After a careful examination of the decisions, he says: "These authorities, and many others which might be added, show that the trend of judicial opinion is towards the reasonable view that a purchaser who has paid the price for which he bought, whether from a public officer at auction sale or from an individual contractor, if he is in the occupation of the land bought, holds it adversely to all the world, under any writing that describes the land and defines the nature of his claim." In Williams v. Scott, 122 N.C. 545, the Court says that it is not willing to follow the application of the doctrine, made in Neal's case, adhering strictly, however, to the principle announced in Tate v. Southard, supra. This in no way militates against the general trend of the decisions of this Court. The policy upon which the statute (1715) is based is well settled by the Court in Grant v. Wilborne,3 N.C. 220. After stating the conditions existing in regard to titles in the early settlement of the State, it is said: "The Legislature, therefore, provided by the act of limitations to obviate these mischiefs; and it was the intent of the act that when a man settled upon and improved lands upon supposition that they were his own, and continued in the occupation for seven years, he should not be subject to be turned out of possession; hence arises the necessity for a color of title; for if he has no such color or pretense of title, he cannot suppose the lands are his own, and he settles upon them in his own wrong." This Court has uniformly recognized this wise policy in construing the statute and applying it to the cases as they have arisen. It is conceded that the question presented (500) by this record has not been before decided by us. In Hayes v. Hunt, 85 N.C. 303, the defendant was relying upon his tax title; the question of color of title was not presented. We think that the language of Ruffin, J., in the opinion in that case establishes the invalidity of the defendant's deed to convey title, leaving the only defense open to him that the deed is color of title, followed by an ouster and seven years adverse possession. Is the deed so obviously defective that a man of ordinary capacity could not be misled by it? It has been said: "An instrument having a grantor, a grantee, and containing *Page 365 
a description of the lands intended to be conveyed, and apt words for their conveyance, gives color of title to the lands described." The deed recites that the land was liable to the tax, and that same had been duly assessed against it; that it had been duly levied upon, advertised according to law, sold at public auction, and bid in by defendant on 2 July, 1883; that the owner had failed to redeem within the time prescribed by law. Following these recitals are appropriate words of conveyance. It bears date 3 August, 1884 — more than twelve months after the sale. The land is well described. The statute (Laws 1881, ch. 117, sec. 36) directs the sheriff to bid in the land sold for taxes for the county, if no one will pay the tax for "less number of acres than the whole." Would a man of ordinary capacity be misled by the sheriff's failure to do his duty? It must be observed, as said by Rodman, J., in McConnell's case, supra: "In endeavoring to apply the rule and to ascertain whether this will was so obviously defective for the purpose of passing land as to come within it, we are to exclude the presumption, generally applicable, that every man is supposed to know the law, for the statute upon which the whole doctrine of color of title is founded recites as the evil to be remedied that many persons have gone into possession of land upon titles having patent defects, which, on the supposition that all men know the law, could have deceived no one and would not have deserved protection." The language ofTaney, C. J., in his dissenting opinion in Moore v. Brown, 11 (501) How., 414, in this connection, impresses us as wise and in harmony with the law as declared by this Court: "If every legal defect in the title papers of a purchaser in possession, as they appear on the record, may be used against him after the lapse of seven years, the law itself is a nullity and protects nobody. To a person not well skilled in all the tax laws of the State the deed, upon the face of it, appears to be good. It was made by a public officer authorized to sell for taxes. From his official station and duties he would be presumed to be familiar with the tax laws in all their minute details; and he recites what he has done, states the notice given, as if it was the notice required by law, and professes to convey to the purchaser a valid title in due form. Almost every one not perfectly acquainted with the different tax laws which have been passed would rely upon it. And I think it is one of those defective conveyances by a public officer which the law intended to protect after a possession of seven years." Judge Catron said: "The statute has no reference to titles good in themselves, but was intended to protect apparent titles void in law, and supply a defense where none existed without its aid. Its object is repose. It operates inflexibly and on principle, regardless of particular cases of hardship. The condition of society and the protection of ignorance as to what the law was *Page 366 
required the adoption of this rule. The law should be liberally construed." In that case a majority of the Court held (Taney, C. J., Catron and Grier,JJ., dissenting) that a tax deed void upon its face was not color of title. The decision was adhered to in Redfield v. Parks, 132 U.S. 239. In Wilsonv. Atkinson, 77 Cal. 485 (11 Am. St., 299), the law was held to be in accordance with the dissenting opinion in Moore v. Brown, supra. The court said: "The deed we are now considering, although it contains a recital showing that the assessment under which the tax sale was made was invalid, contains all (502) the requisites of a good and valid deed, including a sufficient description of the land claimed under it. It was just as effective, as notice of the extent of the defendant's possession and claim, as if the objectionable recitals had been omitted." The same view is held in Pughv. Youngblood, 69 Ala. 296; Edgerton v. Bird, 6 Wis. 527; Douglas v.Tollock, 34 Iowa 262; Pharis v. Bayless, 122 Mo., 116 (1 Cyc., 1087); 26 Am. Law Reg., 409, in which the subject is discussed, the decisions reviewed, and the conclusion reached that the weight of authority is with the dissenting opinion in Brown v. Moore, supra.
We have not neglected to note the cases cited by plaintiff. In Dickensv. Barnes, 79 N.C. 490, the description was so indefinite that the entry under the deed gave no notice of the extent of the claim, or possession. The statute is express in the requirement that the entry and possession must be "under known and visible lines and boundaries." The opinion ofFaircloth, J., expressly recognizes the principle involved. Without further extending this discussion by the citation of other decisions, we are of the opinion that, both upon the reason of the thing and the trend of judicial thought, the deed from the sheriff to defendant was color of title; that his entry was an ouster, and that at the end of seven years, the defendant being in the exclusive adverse possession, Foreman and those claiming under him were barred. The plaintiff introduced evidence showing that the land was not listed by Foreman for taxation in 1881. This entry does appear: "The Foreman-Douglas swamp to be listed by the register." We think this sufficient to sustain the assessment of the tax upon "unlisted lands." The failure to record the receipt, as required by the statute, goes to invalidate the deed, but does not affect the question of color. The defendant offered in evidence a plat, pursuant to a survey made in accordance with the provisions of Revisal, sec. 1505. The case on appeal states that the survey was recorded in the office of the register of deeds in May, 1896. The (503) plaintiff objected to its admission, stating no ground therefor. He insists in his brief that there was no evidence at the time of its introduction that it was correct, etc. After its introduction the surveyor who made the plat testified that it was correct. Without discussing *Page 367 
the original exception, it is manifest that any objection to its introduction was removed by the testimony of the surveyor. We think that, in view of the character of the land, the purpose for which it was capable of being used, etc., his Honor correctly instructed the jury in regard to the acts which constitute possession. It seems that the plaintiff, before purchasing from the heirs of Foreman, recognized the defendant's possession.
Upon a careful examination of the entire record, we find no error in his Honor's rulings to which exceptions are taken. The judgment must be
Affirmed.
Cited: Burns v. Stewart, 162 N.C. 366; Lumber Co. v. Cedar Works,165 N.C. 87; Lumber Co. v. Pearce, 166 N.C. 590; Norwood v. Totten, ib., 650; Gann v. Spencer, 167 N.C. 430; Knight v. Lumber Co., 168 N.C. 454;Kivett v. Gardner, 169 N.C. 80.