NORA W. BURNS, ADMINISTRATRIX, v. HENRY STEWART ET AL.

(Filed 28 May, 1913.)

**1. Appeal and Error—Agreements of Record—Instructions.**

Where the parties to an action entered into an agreement in the trial court, which appears of record on appeal, that the judge should direct a verdict according to his ruling on the law, as in this case, and should he hold a judgment relating to the land or certain conveyances thereof to be color of title, the jury should find that the party claiming under them had held adverse possession sufficient to ripen his title, the agreement entered into will be held as binding upon the parties, leaving only the ruling as to color to be passed upon on appeal.

**2. Judgments—Effect—Title to Lands—Estoppel.**

Where the disputed title to lands sufficiently described in a grant, under which a party claims, has been finally adjudicated,

and the decree, by its terms, has the force and effect in law either of confirming or of vesting the title in that tract, the losing party to the record or those claiming under him are afterwards estopped from claiming any interest in the land as against the successful litigant or those claiming under him.

3. Judgments—Color of Title.

A judgment of a court of competent jurisdiction in an action involving title to land in dispute, declaring that a certain party is the owner and entitled to the possession thereof, vests the title in the successful party as fully as if a deed had been required therein to be made, and constitutes color of title in his favor.

4. Same—Lands—Sufficiency of Description.

In this case it is held that the judgment relied upon as color of title adjudicated the title to lands in dispute with sufficient certainty, as they were definitely described therein by metes and bounds, and it also referred to a certain grant in evidence; and objection to the judgment not being color on the ground of a defect in the description of the lands, cannot be sustained.

APPEAL by plaintiff and Macon County Land Company from *Lane, J.,* at Spring Term, 1912, of MACON.

This action was brought to recover for a breach of a covenant of seizin, contained in a deed dated 23 April, 1909, and executed by Henry Stewart, Sr., and wife, Cassie Stewart, and Henry Stewart, Jr., and wife, Lula Stewart, to J. M. Burns, intestate of the plaintiff.

The plaintiff's intestate had purchased the lands in question from the Stewarts, paying one-third of the purchase money in cash, and giving notes, payable in one and two years after date respectively, and securing the payment of said notes by deed of trust to A. W. Horn, trustee.

The one-year notes being about to mature, and the holders thereof threatening to foreclose, the plaintiff brought this action, partly to restrain the collection of the notes and the foreclosure of the deed of trust, and as a basis for her action alleged that there was a defect in the title to a portion of the lands her intestate had purchased of the Stewarts, to wit, that portion of the land which was covered by Grant No. 3625 to John Ingram, K. Elias, and T. J. Keener, bearing date 19 February, 1883, containing about 500 acres, and that portion covered by Grant 3414 to G. R. Patton, assignee, dated 17 September, 1875.

·The Macon County Land Company was made a party defendant for the reason that it claimed to be the owner of the disputed lands by virtue of mesne conveyances from the. grantees. named in Grant No. 3084, which was issued on 21 May, 1869, to A. L. Herren, J. R. Ammons, G. C. Hinson, and John G. Eve, recorded in Macon County in Book M, p. 462. This grant, No. 3084, was a large one, covering about 30,000 acres of land, and included the land embraced in Grants Nos. 3625 and 3414, under which the Stewarts claimed title.

The question, therefore, involved in this action is, Whether or not the Stewarts were the true owners of said lands under their alleged title, acquired by Grants Nos. 3625 and 3414, or whether the Macon County Land Company was the owner of the disputed land under said Grant No. 3084, it being admitted that Grants 3625 and 3414 lay entirely within. the boundaries of No. 3084.

The plaintiff offered in evidence the deeds to her intestate from the defendants Henry Stewart and Cassie Stewart, Henry Stewart, Jr., and Lula Stewart, conveying the lands in dispute, and containing the covenant of seizin, and further offered in evidence the notes of the intestate to the Stewarts, and the deed of trust securing the same, and for the purpose of showing a breach of said covenant, and for that purpose only, offered in evidence Grants Nos. 3625 and 3414, and the mesne conveyances to the Stewarts from the grantees named in said grants; and also offered in evidence Grant No. 3084 to A. L. Herren *et al.,* and the mesne conveyances from the grantees therein to the Macon County Land Company. It was also shown that Grant No. 3084 entirely overlapped Grants Nos. 3625 and 3414, and being senior in date, passed the title, nothing else appearing. The plaintiff also, for the purpose of showing a breach of the covenant of seizin, and for the purpose of showing an estoppel against the Stewarts to claim title under Grant 3625, offered in evidence the record of a certain suit, including the judgment therein, entitled *Harvey P. Wyman et al. v. Henry Stewart et al.,* heretofore pending in the District Court of the United States for the Western District of North · Carolina at Asheville, the judgment therein having been rendered

on 9 November, 1891, and after Henry Stewart had acquired
title under Grant No. 3625 from the grantees therein, by the
terms of which judgment the plaintiffs in said suit, Harvey P.
Wyman *et als.,* were decreed to be the owners of the lands cov-
ered by Grant No. 3084, except as hereinafter stated.

· At the time this judgment was rendered, Henry Stewart, Sr.,
under whom the defendants Henry Stewart, Jr., and Cassie
Stewart claim, had already attempted to acquire title to the
lands covered by Grant 3625, by deed from Ingram, Elias, and
Keener, dated 4 March, 1889. The judgment so rendered in
the District Court of the United States adjudged that H. P.
Wyman *et al.* were the owners in fee simple of all the lands
covered by Grant No. 3084, except such portion thereof as is
covered by grants which were based upon entries dated prior
to 16 July, 1867. Grant 3625 did not come within the excep-
tion, as it was based upon an entry made 10 January, 1882,
but Grant 3414 was within the exception, as it was based on an
entry of a date prior to 1867, that is, 23 September, 1859. The
defendant Macon County Land Company afterwards became
the owner of the lands covered by Grant 3084, by virtue of
deeds from H. P. Wyman *et al.,* the plaintiffs in said action in
the Federal court.

Defendant Henry Stewart introduced the record in the case
of Henry Stewart, Sr., under whom he claimed, against A. J.
Calloway, James Evitt, *et al.,* showing a judgment at Spring
Term, 1899, of Macon Superior Court, in which it was de-
clared and adjudged, upon issues answered by a jury, that the
plaintiff in that case was the owner and entitled to the posses-
sion of the land covered by Grant No. 3625, lying on Brush
and Skittie's creeks in said county, giving its metes and bounds.
The following agreement was made in the case:

As the court was beginning its charge to the jury, in order to
simplify the issue before them, it was agreed between all the
parties in court that if his Honor should be of the opinion that
the grant to Ingram, Keener, and Elias, or the conveyances
thereunder, or that the decree in the Superior Court in the case
of *Henry Stewart, Sr., v. A. J. Calloway, James Evitt, et als.,*
heirs at law of D. M. Evitt, or either of them, constituted

color of title, then that the possession of Henry Stewart, Sr., and the defendants Cassie and Henry Stewart was adverse and sufficient to ripen title, and that the court should so charge the jury, and the first issue should be answered "Yes"; but that if the court should be of the opinion that said records, or neither of them, did constitute color of title, that he should so charge the jury; and thereupon, the court being of the opinion that said records, nor either of them, did constitute color of title, charged the jury that the said defendants Henry Stewart and Cassie Stewart had offered a paper-writing covering the lands in dispute which, the court holds, constitutes color of title, and had offered evidence showing possession sufficient to ripen the title, and that if they believed the evidence they should answer the first issue "Yes."

The jury returned the following verdict:

1. Did the defendants Henry Stewart and Cassie Stewart convey a good title to plaintiff's intestate under the deeds set up in this action? Answer: Yes.

2. If not, what sum is the plaintiff entitled to recover from the defendants Henry Stewart and Cassie Stewart? (No answer.)

Judgment was entered upon the verdict, and plaintiff and the Macon County Land Company appealed.

*Bourne, Parker & Morrison, Z. V. Weaver, and Johnston & Horn for appellants.*

*J. F. Ray, R. R. Sisk, G. L. Jones, and Robinson & Benbow for Stewart.*

WALKER, J., after stating the case: The agreement of the parties, which is copied in the statement, greatly simplifies the case. It appears from the charge that the court held, and so instructed the jury, that the judgment or decree in the case of *Stewart v. Calloway, Evitt, and others* was color of title, and as the appellants had admitted the adverse possession necessary to ripen this color into a good title, they would, if they believed the evidence, answer the first issue "Yes." So the decision of the case turns mainly upon the correctness of this ruling as to color of title, and this is necessarily so, because the

parties have, by their solemn agreement, declared that it shall be so. In the brief of appellant's counsel it is also admitted to be so, by this statement: "The Stewarts claimed this judgment was color of title as against appellants, and as they had shown possession for more than seven years after the judgment, they had matured title; and the court so held, and charged the jury to that effect." Counsel for appellants contend that there is no evidence as to what lands were in controversy between the parties in that case, and that the judgment did not pass any title to Stewart, and therefore it is not sufficient color of title, but we think otherwise. It clearly appears that the title to several tracts of land was litigated in the suit, and that it was finally adjudged that Stewart was the owner of the land covered by Grant No. 3625, and the decree, by its terms, had the force and effect in law either of confirming or of vesting the title to that tract, as between the parties to the action, in Stewart, who was plaintiff in the action. If the defendants had any title or interest in that tract, they lost it by the decree, and it became vested in their adversary, Henry Stewart, Sr., and was transferred to him by force of the judgment, and they were forever afterwards estopped from claiming any interest in the land as against him. Color of title has been variously defined by the courts of this country. It was early held to be any writing which on its face professes to pass a title, but which it fails to do, either from want of title in the person making it or from the defective mode of conveyance employed; but it must not be so obviously defective as not to mislead a person of ordinary capacity, but not skilled in the law. *McConnell v. McConnell,* 64 N. C., 342; *Tate v. Southard,* 10 N. C., 119; *Dobson v. Murphy,* 18 N. C., 586. The courts have generally concurred in defining it to be that which in appearance is title, but which in reality is not. *Wright v. Mattison,* 18 How. (U. S.), 56; *Jackson v. Frost,* 5 Cowen (N. Y.), 346; *Baker v. Sawn,* 32 Md., 355; *La Frombois v. Jackson,* 8 Cowen, 589; *Hall v. Law,* 102 U. S., 466. The doctrine is said to have originated in the necessity for showing good faith in entering upon the land, the law not permitting a person to be ousted who had settled upon land in good faith, believing it to be his, and after

holding it adversely for seven years (*Grant v. Winbourne,* 3 N. C. (2 Hay.), 220); but it was subsequently held that whether the writing was good color of title did not depend upon his good faith, for even if he knew the land belonged to another person than his grantor, it would still be color. *Riddick v. Leggat,* 7 N. C., 539; *Rogers v. Mabel,* 15 N. C., 180; *McConnell v. McConnell, supra.* Finally, the definition we have first given was adopted, and an unconstitutional act of the General Assembly was held to be within the meaning of the definition and to confer a good title where the necessary adverse possession had been held under it for the requisite time. *Doe v. New Bern Academy,* 9 N. C., 233. Color of title is necessary, not so much to show good faith, as to fix the extent or boundaries of the land to which title may be acquired by the continuous and adverse possession. *Thurston v. University,* 4 Lea., 520; *Goodwin v. McCabe,* 75 Cal., 584; *Greenleaf v. Bartlett,* 146 N. C., 495. The case last cited shows the liberal tendency of the courts upon this question, and we think follows the more reasonable principle. The subject is fully discussed in Sedgwick and Wait on Trial of Title to Land, sec. 761 *et seq.* Judgments or decrees may be color of title. 1 Cyc., 1100; *Wardlaw v. McNeill,* 106 Ga., 29; *Patton v. Dixon,* 58 S. W., 300; *Kimball v. Lohmas,* 31 Cal., 157; *Thurston v. University, supra; Wood v. Conrad,* 2 S. D., 341; *Reedy v. Canfield,* 159 Ill., 254; 7 Enc. of U. S. Sup. Ct. Rep., p. 955; *Defferback v. Hawke,* 115 U. S., 407. We have held that a judgment in a proceeding for partition is color of title, although it does not divest or vest any title. The Court said in *Bynum v. Thompson,* 25 N. C., at p. 584, that "partition does not, indeed, constitute a title, except as against the parties to it, but it is color of title, as much as any of the defective instruments which have been thus deemed." And this case has been followed ever since. *Smith v. Tew,* 127 N. C., 299; *Lindsay v. Beaman,* 128 N. C., 189; *Hill v. Lane,* 149 N. C., 267. To the same effect are *Johnson v. Britt's Heirs,* 56 Tenn. (9 Heisk and M.), 756; *Brind v. Gregory,* 120 Cal., 640; *Duncan v. Gibbs,* 9 Tenn. (1 Yerger), 256. The Court said in *Lindsay v. Beaman, supra,* that title passes by deed, from owner to pur-

chaser, and to constitute color of title the deed must be registered (*Austin v. Staten,* 126 N. C., 783), while in partition proceedings between tenants in common no title passes; and in *Johnson v. Britt's Heirs, supra,* it was said that in such a proceeding there is no divestiture of title, but the decree merely defined the claim of the parties to their respective shares.

In this case the judgment in the suit of Stewart against Calloway and others vested the title in Stewart as much so as if the other parties had been required to execute deeds to him for the land. It is a solemn adjudication, after trial and investigation, that the true title is in him, and it would be singular if we should hold that such a judgment is not color of title, when the deed of one having not even the pretense of a title would be. The judgment not only declares the title to be in Stewart, but also the right of possession. An adverse possession taken and continued for seven years under such a solemn determination should be as much protected as one under a void deed or a deed ineffectual to pass title. To rule otherwise would be to sacrifice the substance of the thing to the mere form or shadow. It appears that the judgment clearly adjudges Stewart's right and title, defined the extent of it with perfect accuracy, and declares him to be entitled to the possession of the land. It comes, therefore, within every reason or principle upon which the doctrine in respect to color of title is founded. The effect of the judgment was to pass any title in the land which the other parties may have had to Stewart—at least by estoppel. The case of *Keener v. Goodson,* 89 N. C., 273, does not militate against this view. There no question of title was involved, the allotment of the homestead having, as said by the Court, "no other effect than simply to attach to his (homesteader's) existing estate a quality of exemption from sale under execution." We do not pass upon the merits of that decision, for the facts and the reasoning have no application to our case.

Holding, as we do, that the judgment in the Calloway suit was color of title, it follows, under the terms of the stipulation made by counsel, that the ruling of the court was correct.

No error.