LEILA M. GLASS, THOS. A. MITCHELL AND WIFE, MARY L. MITCHELL, v. LYNCHBURG SHOE COMPANY, L. M. SHEFFIELD, SHERIFF, AND W. R. DALTON, TRUSTEE.

(Filed 22 September, 1937.)

**1. Deeds § 10b—**

While an unregistered deed is good as between the parties, it does not convey the complete title and is ineffectual as against subsequent grantees under registered deeds and creditors of the grantor, C. S., 3309.

**2. Same: Adverse Possession § 9a—Where grantee in unregistered deed conveys by registered deed, registered deed is color of title.**

While an unregistered deed is not color of title as against subsequent grantees under registered deeds and creditors of the grantor, C. S., 3309, where the grantee in the unregistered deed conveys by registered deed, and *mesne* conveyances from him are duly registered, such registered deeds are color of title, C. S., 428, and where the land is held by actual

possession successively by the grantees in such chain of title continuously for over seven years prior to the filing of a judgment against the grantor in the unregistered deed, the grantor in the unregistered deed is divested of title by adverse possession prior to the filing of the judgment, and the judgment does not constitute a lien against the land.

APPEAL by defendants from *Ervin, J.,* at May Term, 1937, of ROCKINGHAM.

An action brought by the plaintiffs to restrain the sale under execution of the lands described in the complaint and to remove as cloud upon title the judgments under which the execution issued.

The parties waived jury trial and agreed that the court should find the facts without a jury, and on hearing all the facts were admitted of record.

R. L. Borland, widower, who had title in fee simple, conveyed the land in question to W. B. Wray by deed dated 14 June, 1912. W. B. Wray entered into possession immediately but did not register his deed. He claimed only under it. Wray conveyed to J. D. Glass by deed dated 27 July, 1912, registered 22 August, 1912. J. D. Glass and wife, Leila M. Glass, executed deed of trust to W. R. Dalton, trustee, to secure indebtedness to a third party. This deed of trust was dated 25 September, 1912, registered 5 October, 1912. W. R. Dalton, trustee, foreclosed under the deed of trust and conveyed to Leila M. Glass by deed dated 20 October, 1917, registered 31 October, 1917. J. D. Glass having died 11 March, 1917, Leila M. Glass, widow, conveyed a portion of the land to Thos. A. Mitchell and wife, Mary L. Mitchell, by deed dated 22 February, 1924, registered 23 February, 1924.

Plaintiffs claim title by adverse possession under the registered deeds as color of title.

The deed from W. B. Wray to J. D. Glass, the deed of trust from J. D. Glass and wife to W. R. Dalton, trustee, the deed from W. R. Dalton, trustee, to Leila M. Glass, and the deed from Leila M. Glass to Thos. A. Mitchell and wife were based upon valuable consideration, were duly executed, delivered, and registered, were sufficient in form to convey and purported to convey the land in fee simple by specific description.

Immediately upon obtaining deed from W. B. Wray, 27 July, 1912, J. D. Glass entered into actual possession of the land under said deed, "claiming the same as his own," and he and the plaintiffs, claiming under him and under said subsequent conveyances, continued such actual, open, and notorious possession under known and visible lines and boundaries, and were in such possession on 16 November, 1925.

Defendant Lynchburg Shoe Company obtained judgments against R. L. Borland, which were duly docketed as provided by law on 16

November, 1925. In January and February, 1935, executions were issued to defendant L. M. Sheffield, as sheriff, who, under authority thereof, levied upon and advertised for sale all the land in controversy, both that claimed by plaintiff Leila M. Glass and that by Thos. A. Mitchell and wife, in the manner and in accordance with law. The sale was enjoined in this action. R. L. Borland is insolvent and without property sufficient to satisfy the execution.

Upon these facts the court below concluded as matters of law, in substance, the following: (1) The deed from R. L. Borland to W. B. Wray, not having been registered in compliance with the Connor Act, C. S., 3309, that plaintiffs do not derive any title under said R. L. Borland. (2) That the deed from W. B. Wray to J. D. Glass, the deed of trust from J. D. Glass and wife to W. R. Dalton, trustee, the deed from W. R. Dalton, trustee, to Leila M. Glass, constitute color of title to the land claimed by Leila M. Glass; and that the said deed, the deed of trust, and the deed from Leila M. Glass to Thos. A. Mitchell and wife constitute color of title to the land claimed by Thos. A. Mitchell and wife. (3) That the acts of Leila M. Glass and J. D. Glass in possessing the land claimed by Leila M. Glass, and the acts of Thos. A. Mitchell and wife, Leila M. Glass, and J. D. Glass in possessing the portion of the land claimed by Thos. A. Mitchell and wife, under the said deeds, from 25 September, 1912, to 16 November, 1925, as to each portion of land, constituted in law adverse possession for more than seven years, to wit, for a period of thirteen years. (4) That title had been ripened in Leila M. Glass and in Thos. A. Mitchell and wife, respectively, to the land claimed by each by such adverse possession under color of title prior to the docketing of the judgments of defendant Lynchburg Shoe Company against R. L. Borland, 16 November, 1925, and hence R. L. Borland had no title to said lands upon which the liens of said judgments could attach.

From an adverse judgment in accordance with such rulings, the defendants appealed to the Supreme Court, and assigned error.

*Allen H. Gwyn for plaintiffs, appellees.*
*W. R. Dalton and P. W. Glidewell for defendants, appellants.*

WINBORNE, J. The court below was correct in holding: (1) That plaintiffs derived no title from R. L. Borland, and (2) that the unregistered deed appearing in the chain of title to the property in question did not prevent subsequent deeds in the chain, which are duly registered, being color of title under which title may be ripened by adverse possession as against creditors and purchasers for value of the grantor in such unregistered deed. This conclusion is not in conflict with the Connor

Act, C. S., 3309, and gives effect to the statute relating to adverse possession under color of title, C. S., 428.

Considering these two statutes together, and giving effect to each, as applied to the fact situation in the present case, title remained in R. L. Borland until he was either divested of it by the registration of his deed to W. B. Wray, or divested of it by adverse possession for seven years under color of title, C. S., 428.

The unregistered deed from R. L. Borland to W. B. Wray was good as between them; *Warren v. Williford,* 148 N. C., 474; *Weston v. Lumber Co.,* 160 N. C., 263-266, 75 S. E., 800; but until it was registered W. B. Wray did not acquire a completed title—the real title. C. S., 3309. Hence, the deed from W. B. Wray to J. D. Glass purported to convey, and was sufficient in form to convey, but failed to convey the real title. The registration of that deed in 1912 put the world on notice that it purported to convey the title to Glass. Subsequent *mesne* conveyances, when registered, had like effect.

A deed of that character is color of title in accordance with a long line of decisions of this Court. In *Tate v. Southard,* 10 N. C., 119, *Justice Henderson* wrote: "Color of title may be defined to be a writing upon its face professing to pass title, but which does not do it, either from a want of title in the person making it, or the defective mode of conveyance that is used." This definition has been accepted through the years and cited with approval in numerous cases, among which are: *Smith v. Proctor,* 139 N. C., 314, 51 S. E., 889; *Greenleaf v. Bartlett,* 146 N. C., 495, 60 S. E., 419; *Burns v. Stewart,* 162 N. C., 360, 78 S. E., 321; *Seals v. Seals,* 165 N. C., 409, 81 S. E., 613; *Crocker v. Vann,* 192 N. C., 422, 135 S. E., 127.

The case of *Johnson v. Fry,* 195 N. C., 832, 143 S. E., 857, is in point in the present case. The pertinent facts there are: Alex Evans executed deed to Evander McIver on 14 May, 1892, for the land in question. This deed was not registered until 30 November, 1923. McIver had possession of the land six years prior to the date of the deed, and he and those claiming under him remained in continuous possession from the date of the deed, claiming to be the owners thereof. The defendant K. R. Hoyle obtained and docketed a judgment against Alex Evans on 12 December, 1921. The Court states, p. 839: "Evander McIver and those in privity, including plaintiffs, held the possession under known and visible lines and boundaries at least twenty-eight years, it goes without saying adverse to Alex Evans, as he parted with the title and possession and the possession was under known and visible lines and boundaries, necessarily adverse to Alex Evans and all other persons. The law, C. S., 430, steps in and says such adverse possession for twenty years so held gives a title in fee to the possessor of such property, the plaintiff, those in privity."

There the unregistered deed did not prevent the grantees setting up adverse possession for twenty years.

In like manner, the unregistered deed from R. L. Borland did not prevent and preclude the plaintiffs setting up title by adverse possession for seven years under the color of title of subsequent registered deeds in the chain of title.

The defendants contend that R. L. Borland is the common source of title and that under the Connor Act plaintiffs cannot ignore the unregistered deed from R. L. Borland to W. B. Wray. Defendants rely upon the cases, *Austin v. Staten,* 126 N. C., 783, 36 S. E., 338; *Collins v. Davis,* 132 N. C., 106, 43 S. E., 579; *Eaton v. Doub,* 190 N. C., 14, 128 S. E., 494; *McClure v. Crow,* 196 N. C., 657, 146 S. E., 713.

The cases are distinguishable from the instant case in fact situation in that in each of them an unregistered or defectively registered deed from a common grantor was sought to be used as color of title. Two deeds from a common grantor were involved in all except *Eaton v. Doub, supra,* in which lien of judgment was set up against an unregistered deed. The Connor Act, C. S., 3309, applied. It is noted that the possession relied upon in these cases was of less duration than twenty years. *Johnson v. Fry, supra.*

In speaking of the doctrine set forth in *Austin v. Staten, supra,* it is said in *Collins v. Davis, supra,* at p. 111: "We therefore hold that where one makes a deed for a valuable consideration, and the grantee fails to register it, but enters into possession thereunder and remains therein for more than seven years, such deed does not constitute color of title and bar the entry of a grantee in a subsequent deed for valuable consideration who has duly registered his deed. . . . Except in cases coming within this rule, the rights acquired by adverse possession for seven years under color of title are not disturbed or affected by the act of 1885 (Connor Act). To this extent we affirm the law as laid down in *Austin v. Staten, supra.*" The instant case does not come within the rule so affirmed.

The plaintiffs and those under whom they claim had been in actual possession of the property in question under known and visible lines and boundaries, claiming as their own from 22 August, 1912, to 16 November, 1925, more than thirteen years under deed from W. B. Wray to J. D. Glass, and more than eight years under the deed from W. R. Dalton, trustee, to Leila M. Glass prior to the date of the docketing of the judgments which defendants contend became a lien on the land in question. At that time R. L. Borland had been divested of all title to the land in question.

We concur in the ruling of the court below. The judgment is therefore

Affirmed.