LOUISE KING SWEETEN AND HUSBAND, CALVIN W. SWEETEN, SR. v. N. A. KING AND WIFE, BESS KING; MARY ANN STANLEY AND HUSBAND, WILLIAM D. STANLEY; WILLIAM KING AND WIFE, BETTY KING; RUSSELL KING AND WIFE, RUTH KING; MYRTLE KING PEARSON AND HUSBAND, BARNARD B. PEARSON; BESSIE KING ADKINS AND HUSBAND, ANDERSON ADKINS; MARVIN KING AND WIFE, WILLARD KING; DOROTHY KING SHREVE AND HUSBAND, ALVAH R. SHREVE; DAVID KING AND WIFE, JACKIE KING

No. 7517SC1038

(Filed 16 June 1976)

1. Betterments § 1— partition proceeding — color of title — claim for betterments

    Where respondent's grandfather devised to each of his children a life estate in particular tracts of land, a 153-acre tract was devised to respondent's mother and another child for life with remainder in their children, in 1908 the life tenants under the will sought partition of the lands and alleged they were seized of the lands in fee, respondent's mother was alloted an 88-acre tract in the partition proceed-

ing, respondent's mother believed she was seized of the 88-acre tract in fee and made permanent improvements thereon, respondent's mother purported to devise to respondent 15 acres of the 88-acre tract and the improvements thereon, the 1908 division was thereafter found to be fair and equitable to the reversioners and remaindermen and the court declared that the 88-acre tract allotted to respondent's mother is now owned by all of her children as tenants in common, and respondent has had judgment rendered against him for the partition sale of the entire 88-acre tract and equal division of the net proceeds, it was *held* that the allotment of the 88-acre tract to respondent's mother constituted color of title, and that respondent, as claimant of title to the 15 acres through his mother, is entitled to betterments under G.S. 1-340 for the improvements thereon.

2. **Betterments § 1— good faith**

The good faith which will entitle a claimant to compensation for betterments means simply an honest belief of the occupant in his right or title, and the fact that diligence might have shown him that he had no title does not necessarily negative good faith in his occupancy.

APPEAL by some of the respondents from *Wood, Judge.* Judgment entered 17 September 1975 in Superior Court, ROCK-INGHAM County. Heard in the Court of Appeals 8 April 1976.

Annie King is survived by eight of her nine children. The eight surviving children (and their spouses) are parties to this proceeding. The two children (and their spouses) of the one deceased child of Annie King are also parties to this proceeding. The proceeding was instituted for the purpose of obtaining a sale and division of the net proceeds among the parties as tenants in common. Respondents Russell King, Dorothy King Shreve, Marvin King, and David King (and their respective spouses) filed a joint answer in which they alleged that respondent David King was entitled to be compensated for betterments to the property.

The theory of the claim by David King for betterments is as follows: The 88-acre tract involved was allotted to Annie King in a 1908 partition of a 153-acre tract devised to her and John W. Jones in her father's will; the 1908 partition constitutes a muniment of title in Annie King; Annie King held the 88-acre tract of land under a color of title which she believed to be good; Annie King made valuable permanent improvements on the 88-acre tract; Annie King died 9 March 1972, leaving a will dated 29 September 1971 in which she purported to devise to David King that portion of the 88-acre tract upon which she made the permanent improvements; David King claims title to

15 acres containing the improvements by virtue of Annie King's will; and, since superior title has been shown in petitioners and respondents, David King is entitled to betterments under the provisions of G.S. 1-340.

The pertinent history of the title to the 88-acre tract is as follows: Robert M. Jones died testate on 12 September 1907. At the time of his death Robert M. Jones was seized in fee of several tracts of land, including a 153-acre tract of land known as the "John Jones Place." Annie King and John W. Jones were two of the seven children of Robert M. Jones. By his will Robert M. Jones divided his land among his widow and children, devising to each a life estate in particular tracts. Included in the will of Robert M. Jones was a devise of the 153-acre "John Jones Place" to Annie King and John W. Jones, each to share equally in said land during their life and at their death, to their children, *per stirpes*. In the early part of 1908 all of the life tenants under the will of Robert M. Jones joined in a partition proceeding, alleging that they were seized in fee of the lands and seeking an actual partition. None of the reversioners or remaindermen were made parties to the proceeding. By means of an actual partition, each life tenant was allotted a distinct tract of land in severalty. The 153-acre "John Jones Place" was divided between Annie King and John W. Jones, and Annie King was allotted the 88-acre tract involved in this proceeding. The report of the Commissioners' division was approved by the court on 21 September 1908.

Annie King and her husband, Numa King, went into possession of the 88-acre tract after the 1908 partition proceeding and made improvements thereon while believing that Annie King held a fee simple title to the 88-acre tract. Annie King died testate on 9 March 1972. By her will Annie King purported to devise to David King "my home house where I am now living together with fifteen (15) acres of land. . . . " Thereafter her will purports to direct her executor to sell the rest of the 88-acre tract and divide the proceeds equally among her eight surviving children, including David King.

On 23 March 1973 an action was instituted to set aside the 1908 partition proceedings on the grounds that none of the reversioners or remaindermen were parties thereto. By judgment filed in Superior Court, Rockingham County, on 6 December 1973, the 1908 partition proceedings were declared null and

void with respect to the interests of all the reversioners and remaindermen; however, the divisions set forth in the 1908 proceedings were adopted as fair and equitable divisions of the land. By the judgment filed 6 December 1973 it was decreed that the devise by Robert M. Jones to Annie King and John W. Jones created a life estate as tenants in common in Annie King and John W. Jones. After adopting the 1908 division as fair and equitable to the reversioners and remaindermen, it was decreed that the present owners of the 88-acre tract allotted to Annie King are her children as tenants in common in fee simple, *per stirpes*.

As stated earlier, the present proceeding was instituted for the purpose of obtaining a sale of the entire 88-acre tract and a division of the net proceeds among the eight surviving children and the children of the one deceased child of Annie King. Recognizing that the superior title is in petitioners and respondents, David King asserted his claim for betterments. The trial court concluded: "The improvements made upon the property by Annie Jones King and those who claim under her were not made while holding the premises under a color of title believed to be good and therefore the respondent David King is not entitled to a claim of betterment pursuant to N.C.G.S. 1-340."

The trial court further ordered a sale of the entire 88-acre tract and provided for division of the net proceeds *per stirpes* among the petitioners and respondents.

Respondents Russell King, David King, Dorothy King Shreve, and Marvin King (and their respective spouses) appealed.

*Bethea, Robinson, Moore & Sands, by D. Leon Moore, for the petitioners.*

*Griffin, Post, Deaton & Horsley, by Hugh P. Griffin, Jr., for the respondents-appellees.*

*Ralph E. Goodale, for the respondents-appellants.*

BROCK, Chief Judge.

General Statute 1-340 provides:

"Petition by claimant; execution suspended; issues found.—A defendant against whom a judgment is rendered for land may, at any time before execution, present a

petition to the court rendering the judgment, stating that he, or those under whom he claims, while holding the premises under a color of title believed to be good, have made permanent improvements thereon, and praying that he may be allowed for the improvements, over and above the value of the use and occupation of the land. The court may, if satisfied of the probable truth of the allegation, suspend the execution of the judgment and impanel a jury to assess the damages of the plaintiff and the allowance to the defendant for the improvements. In any such action this inquiry and assessment may be made upon the trial of the cause."

David King, having claimed title in fee under Annie King's will to 15 acres containing the homeplace and having had judgment rendered against him for the partition sale of the entire tract and equal division of the net proceeds, is a "defendant against whom a judgment is rendered for land" within the purview of the above statute. In addition it was incumbent upon David King to satisfy the trial judge of the "probable truth" of his allegations that (1) he claims under Annie King, (2) who, while holding the premises (3) under a color of title (4) believed to be good, (5) made permanent improvements thereon.

[1] It is clear from his findings of fact that the trial judge was satisfied of the probable truth of David King's assertion that he claims under the will of Annie King, who believed she owned the 88-acre tract in fee, and who, while holding the premises, made permanent improvements thereon. In short, the findings of fact by the trial judge show that he was satisfied of the probable truth of (1), (2), (4), and (5) above. Therefore, it is apparent from the conclusion of law that the trial judge was not satisfied of the probable truth of the allegation that Annie King held the premises "under color of title." Indeed, this is the point upon which appellees' arguments center. Appellees urge that the allotment of the 88-acre tract to Annie King in the 1908 partition proceeding does not constitute color of title for two reasons: (1) The will of Robert M. Jones, under which Annie King claimed, clearly devised only a life estate; and (2) Annie King was not relying upon her allotment in the 1908 partition proceeding as an allotment of fee simple title because she alleged in the 1908 petition for partition that she and the other devisees were seized in fee. Thus appellees argue, and apparently convinced the trial judge, that since Annie King

claimed fee simple title to her interest prior to the 1908 parti-
tion proceeding, the allotment to her of the 88-acre tract "did
not establish color of title or title whereby Annie Jones King
could have a reasonable belief that she owned the property in
fee simple."

The fact that an analysis of her source of title (her father's
will) would disclose as a matter of law that Annie King was
devised a life estate instead of a fee simple title does not in
itself defeat David King's claim of betterments. "By the weight
of authority it is held that constructive notice from the record,
of the existence of a paramount title or interest, does not de-
prive an occupying claimant of the right to be reimbursed for
his improvements on being ejected from the premises." 68
A.L.R. 288. North Carolina is in accord with this weight of
authority. "The right to betterments is based upon the obvious
principle of justice that the owner of land has no just claim
to anything but the land itself, and fair compensation for dam-
age and loss of rent. If the claimant, acting under an erroneous
but honest and reasonable belief that he is the owner, makes
valuable and permanent improvements, the true owner should
not take them without compensation. The statute undertakes to
declare and establish the equities between them." *Pritchard v.
Williams,* 176 N.C. 108, 96 S.E. 733 (1918); *accord R. R. v. Mc-
Caskill,* 98 N.C. 526, 4 S.E. 468 (1887). "The beneficent pro-
visions of the statute would be defeated by a construction
which charges the *bona fide* claimant under a deed in form and
purpose purporting to convey a perfect title with a knowledge
of imperfections which might be met with in the deduction of
his own title." *Justice v. Baxter,* 93 N.C. 405 (1885).

The record of the 1908 partition proceeding wherein Annie
King was allotted the 88-acre tract by an adequate description
is a public record of the superior court which constitutes color
of title. *Johnson v. McLamb,* 247 N.C. 534, 101 S.E. 2d 311
(1958); *Burns v. Stewart,* 162 N.C. 360, 78 S.E. 321 (1913);
*Bynum v. Thompson,* 25 N.C. 578 (1843). The trial judge was
in error in concluding that the 1908 partition proceeding did not
constitute color of title.

Appellees also argue, and apparently convinced the trial
judge as well, that because the petition in the 1908 partition
proceeding alleged that the petitioners were seized in fee of the
lands described therein, Annie King could not have been relying

upon the allotment of the 88-acre tract to her in the 1908 proceeding as color of title. We are not convinced of the validity of this argument. Nowhere is there any indication that Annie King claimed fee simple title to the particular 88-acre tract except by virtue of the partition proceeding. She never relied upon any source of title to the particular 88-acre tract except that of the 1908 partition proceeding. She did not make permanent improvements until she was allotted the 88-acre tract in the 1908 partition proceeding. In the absence of a showing of fraud, of which there is no suggestion in this case, it is immaterial what title Annie King claimed as a tenant in common in the 153-acre "John Jones Place," for her claim to a fee simple title in severalty in the particular 88-acre tract stems solely from the 1908 partition proceeding. Annie King's belief that she was seized in fee of a one-half undivided interest in the 153-acre tract seems to strengthen the reasonableness of her belief that she held fee simple title to the 88-acre tract allotted to her.

[2]    The good faith which will entitle a claimant to compensation for betterments means simply an honest belief of the occupant in his right or title, and the fact that diligence might have shown him that he had no title does not necessarily negative good faith in his occupancy. *Pritchard v. Williams,* 176 N.C. 108, 96 S.E. 733 (1918). "But there must be shown not only an honest and *bona fide* belief in petitioner's title, but he must satisfy the jury, also, that he had good reason for such belief; and it is for the jury to judge of the reasonableness of such belief, based upon the entire evidence." *Pritchard v. Williams, supra.*

Execution of the order of sale appealed from should be suspended pending the determination by a jury of damages to the holders of the fee and the allowance to David King for the improvements. The issues suggested for jury determination in *Pritchard v. Williams, supra* at 110, appear to be easily adaptable to this case.

Execution of the order of sale of the 88-acre tract entered in this cause of 17 September 1975 is hereby suspended pending a determination of David King's claim for betterments.

Error and remanded.

Judges HEDRICK and CLARK concur.