### L. C. PERRY and SYLVA SMITH v. CASWELL PERRY.

#### Deed—Color of Title—Married Women.

A deed signed by a married woman with her husband, and delivered to the vendee, is color of title, though her privy examination has not been taken.

This was an issue of sole seizen joined in a SPECIAL PROCEEDING FOR PARTITION, begun in August, 1882, in the Superior Court of STANLY County, and tried before Clark, J., at Fall Term, 1887.

The defendant answered, alleging sole seizin in himself. The case on appeal states: "The testimony on the trial was to the effect that the plaintiffs and the defendant are the only heirs at law of their mother, Margaret Perry, to whom the land in question descended from her father, one Springer, in 1826; that said Margaret married John Perry, the father of the parties to this action, about 1830; that said John Perry died in 1863, and Margaret, his wife, in 1870; that they signed a deed for the land sought to be divided, June

13th, 1855; the deed was in form a fee simple conveyance to Caswell Perry (the defendant), and the testimony on the part of the defendant tended to show that John Perry intended by said deed to convey a fee simple estate to Caswell. The deed was never acknowledged, proved or registered.

The testimony was that Caswell Perry had not been in possession of said deed, since the death of Margaret, except for a day or two, when it disappeared. There was evidence tending to show that the plaintiffs about the time of the death of Margaret, and a very short time thereafter, got possession of said deed without defendant's consent and destroyed it; that Caswell Perry took possession of the land about the time of the execution of the deed and has since that time been in the possession thereof, claiming it as his own. The Court instructed the jury that if they found that the said deed was delivered to Caswell Perry, they should find the issue of *sole seizin* in favor of the defendant.

To this instruction of the Court the plaintiffs excepted, and requested the Court to instruct the jury:  " That as the land belonged to Margaret Perry, who was a *feme covert* at the time of signing said deed, which was never acknowledged or proven, and the privy examination of said *feme covert* never having been taken, was inoperative, and no ouster by defendant as to plaintiffs could arise short of twenty years' adverse possession; that the seven years statute, under color, would not avail the defendant, as he did not, after the death of his mother, hold the deed for more than a day or two under which he claims; that Caswell Perry did, by said deed, take the life estate of John Perry, the husband of Margaret, and the deed was inoperative as color of title after the death of John Perry; and that, discounting the time of the suspension of the statute of limitations, between May, 1861, and January, 1870, twenty years have not passed, so as to raise the presumption of ouster of plaintiffs by the defendant."

This the Court declined.

The issue as to whether the deed had been delivered to Caswell Perry was found in the affirmative; and from the judgment pronounced thereupon the plaintiffs appealed

*Mr. J. B. Batchelor*, for the plaintiffs.
No counsel ·for the defendant.

DAVIS, J., .(after stating the case). This proceeding·was commenced in August, 1882.. Did the deed from John Perry and Margaret, his wife, executed to the defendant on the 13th of June, 1855, constitute color of title?

The plaintiffs say that it did not, and this is the only point relied on in this Court. The learned counsel for the plaintiffs say that as the private examination of Margaret Perry was not taken, the deed to Caswell was "absolutely null and ·void," and therefore could not constitute color of title. He refers us to *Scott* v. *Battle*, 85 N. C., 184. In that case the deed was executed by Mary Scott. *feme covert* alone, the husband did not join. RUFFIN, J., delivering the opinion of the Court, said: "The statute confers upon her (the wife) the power to convey by a simpler mode (than that of uniting with the husband in levying a fine), but it prescribes the terms and without their strict observance the act stands as it would in common law—absolutely null and void." This can only mean that it is absolutely inoperative and ineffectual to convey the *title* of the *feme covert.* For that purpose it could have no more effect than if executed by an absolute stranger, without any title and without any authority to convey.

The question here is not whether Caswell Perry acquired any title to the fee under the deed from John and Margaret, but whether the deed constituted color of title? Of course if the deed was valid, the other question would be of no consequence.

In *Pearse* v. *Owens*, 2 Haywood, 234, (Battle's edition, 415,) it was held that a deed from husband and wife to which her private examination had not been taken, and which therefore was not valid, was *color* of title. This case is cited with approval in *McConnell* v. *McConnell*, 64 N. C., 342, in which RODMAN, J., states clearly the doctrine of color of title and illustrates it by reference to a number of cases. The general rule that every man is presumed to know the law has no application in determining what is or what is not color of title. As is said by Judge RODMAN, in the last case cited, "the statute upon which the whole doctrine of color of title is founded, recites as the evils to be remedied that many persons had gone into the possession of lands upon titles having patent defects which, on the supposition that all men know the law, could have deceived no one and would not have deserved protection."

So an unregistered deed is color of title. In *Hardin* v. *Barrett*, 6 Jones, 159, RUFFIN, J., approving *Campbell* v. *McArthur*, 2 Hawks, 33, in which it was held that an unregistered deed was color of title, says: "As far as this Court is advised, it has not been doubted since up to this case, on the contrary it has been assumed, indirectly, on several occasions, as settled law. Why should it not be? Such a deed shows the nature of the possession taken under it to be adverse, just as much as if it were registered, and if the possession be continued for seven years, it affords evidence of its character sufficiently notorious to put the owner to his action."

Does not this reasoning apply with equal force to a deed executed by husband and wife? The writing professes upon its face to pass the title. *Keener* v. *Goodson*, 89 N. C., 273.

Affirmed.