F. M. SMITH AND WIFE v. ZACH. ALLEN et al.

*Color of Title—Evidence—Lost Record.*

1. A deed, duly executed, probated and recorded, by an attorney in fact is sufficient to show color of title, though the power of attorney be not produced.
2. Where the original papers in a cause have been burned or lost, the minutes of the Court in which they were filed are admissible in evidence to establish the validity of the proceedings.
3. A deed to a person as trustee, who signs the same, if probated and registered as the deed of the grantor, is color of title, though not probated as to the trustee, the presumption being that it was accepted by the grantee therein.
4. A deed of a trustee, although the privy examination of the *cestui que trust* was not taken, is good as color of title, even if the *cestui que trust* was a *feme covert.*

CIVIL ACTION for trespass, tried at March Term, 1892, of PITT Superior Court, before *Bryan, J.,* and a jury.

The following issues were submitted to the jury:

1. Are the plaintiffs the owners and in possession of the land in controversy?

2. Have the defendants trespassed on the land of the plaintiffs?

3. What damages have the plaintiffs sustained?

The jury responded "Yes" to the first and second issues, and "Nineteen dollars" to the third.

The plaintiffs offered, for the purpose of showing color of title, a deed from Richard E. W. Tyson, by his attorney in fact, Allen Tyson, to Lemuel Tyson, dated August 22, 1836, which deed had been duly probated and recorded. Defendants objected to the introduction of this deed, on the ground that no power of attorney from grantor to Allen Tyson had been shown. His Honor held the deed to be sufficient for the purpose for which it was offered, and overruled the objection. Defendants excepted.

The plaintiffs, for a similar purpose, next offered a deed from Lewis Hilliard, Clerk and Master in Equity, to Sherrod Tyson, dated June 22, 1866. They also introduced the trial and minute dockets of the Court of Equity of Pitt County, from which it appeared that a petition for the sale of the lands of Lemuel Tyson had been filed and docketed; that a decree of sale had been made; that a report of sale had also been made to the Court, showing Sherrod Tyson to be the purchaser, and that a decree had been made and duly recorded in the minutes of said Court confirming said sale and directing said Clerk and Master to make title to the purchaser.

E. A. Moye, the Clerk of the Superior Court, was introduced, who testified that after diligent search in his office he had been unable to find the equity papers filed for the sale of said tract of land by said Clerk and Master; that he had searched all packages, bundles, boxes and papers, except the old papers marked "State cases"; these he did not search, and that he had been unable to find the original papers, and he was satisfied they were not in his office.

Defendants objected to the introduction of the deed from Lewis Hilliard, and to the introduction of the dockets of the Court of Equity, in the absence of the original papers. Objection overruled, and the defendants excepted.

Plaintiffs then offered a deed from Sherrod Tyson to W. A. Cherry, trustee, dated June 9, 1866.

To this deed the defendants objected, because it had not been probated as to W. A. Cherry, the grantee therein, who, it seems, had signed said deed. Objection overruled, and defendants excepted.

Plaintiffs then offered a deed from W. A. Cherry, trustee of Sophia Paul, to Thomas E. Randolph, dated January, 1868. To the introduction of this deed defendants objected, because it had not been probated as to Sophia Paul, by taking her privy examination. Objection overruled, and defendants excepted; his Honor holding that, in any view of the case, the foregoing deeds were sufficient to show color of title, that being the purpose for which they were offered.

Verdict and judgment for plaintiffs, and appeal by defendants.

*Mr. C. M. Bernard,* for appellants.
*Mr. T. J. Jarvis,* for appellees.

MacRae, J.: All the deeds offered by the plaintiffs were competent to show color of title, and were followed by testimony tending to prove continuous adverse possession under visible lines and boundaries by the plaintiffs and those under whom they claim for more than seven years. Color of title is a writing upon its face professing to pass title to land. *Keener* v. *Goodson,* 89 N. C., 273.

The first exception is met by *Hill* v. *Wilton,* 2 Murph., 14, which held that where the power of attorney was produced

and plainly showed that the attorney had no authority to convey land, the deed purporting to be made by virtue of the power therein, constituted color of title.

The second exception is covered by the case of *Hare* v. *Holleman*, 94 N. C., 14, where it is held that where the original papers in a cause have been burned or lost, the minutes of the Court are admissible in evidence to establish the validity of the proceedings.

The deed from Sherrod Tyson to W. A. Cherry, trustee, objected to because it had not been probated as to Cherry, was competent, having been proved and registered as the deed of Tyson, under the presumption that it was accepted by the grantee therein. And if probate and registration had been necessary as to Cherry to pass title, the unregistered deed is color of title. *Davis* v. *Higgins*, 91 N. C., 382.

The deed objected to by defendants because the privy examination of Sophia Paul did not appear to have been taken was also good as color of title, even if Sophia Paul were a *feme covert*, of which we are not apprised. See *Perry* v. *Perry*, 99 N. C., 270, where cases are cited which meet nearly all of the exceptions.

There was no exception to the refusal of his Honor to give the instruction asked in defendants' first prayer for special instructions, and the instruction was not warranted by the evidence as stated in the case.

It seems that every exception taken by defendants is untenable, and has been so repeatedly held.

Judgment Affirmed.