C. N. NORWOOD ET ALS. *v.* JOHN TOTTEN ET ALS.

(Filed 30 September, 1914.)

1. Deeds and Conveyances—Married Women—Conveyance to Husband — Privy Examination — Certificate of Probate Officers—"Color"—Limitations of Actions.

A conveyance of land by the wife to her husband without her privy examination and the·certificate of the probate officer that the contract "is not unreasonable or injurious to her" (Revisal, sec. 2107) is "color of title" which will ripen into a perfect title by seven years adverse possession of the husband, and his children by a former marriage after her death, there being no issue born alive by the second marriage and therefore no tenancy by curtesy of the husband in the lands.

2. "Color of Title"—Approved Definition.

Definition of "color of title" in *Smith v. Proctor*, 139 N. C., 324, specially approved.

3. **Deeds and Conveyances—Description—Parol Evidence—Identification.**

> A description of lands in a deed, after naming the township and county, continued as follows: "Adjoining the lands of J. S. on the north and west, and the H. heirs on the east, and S. C. on the south, and bounded as follows: Containing 30 acres, more or less," is sufficient to admit of parol evidence of identification.

The constitutional necessity for the wife's privy examination in a deed to her lands questioned and discussed by CLARK, C. J.

APPEAL by defendants from *Peebles, J.,* at May Term, 1914, of CHATHAM.

This action was begun before the clerk for the partition of land, and upon a plea of sole seizin it was transferred to the civil-issue docket, and tried before a jury. Verdict and judgment for plaintiffs. Appeal by defendants.

*R. H. Hayes for plaintiffs.*
*A. C. Ray and Maness & Carver for defendants.*

CLARK, C. J. Frances A. D. Norwood, who was the second wife of Mebane A. J. Norwood, on 11 October, 1905, executed a deed to the premises to her husband, whose heirs at law are the plaintiffs. Her privy examination was not taken. She died about a month thereafter, having had no issue born. The defendants are her heirs at law. The jury find, under proper instructions, that said husband and his children by the first wife have been in adverse possession under said deed more than seven years. This deed was offered merely as color of title, and the court properly held that it was sufficient for the purpose.

*Judge Henderson's* definition of color of title, in *Tate v. Southard,* 10 N. C., 121, is, "a writing, upon its face *professing* to pass title, but which does not do it, either from want of title in the person making it or the defective mode of conveyance used." He added: "It must not be plainly and obviously defective, so much so that no man of ordinary capacity could be misled by it."

*Judge Gaston's* definition of color of title is to be found in *Dobson v. Murphy,* 18 N. C., 586, as follows: "Some written

NORWOOD *v.* TOTTEN.

document of title, *professing* to pass the land, and one not so obviously defective that it could not have misled a man of ordinary capacity." This has been approved in *Ellington v. Ellington,* 153 N. C., 154; *Avent v. Arrington,* 105 N. C., 390; *Keener v. Goodson,* 89 N. C., 277, and other cases.

The definition by *Judge Hoke* in *Smith v. Proctor,* 139 N. C., 324, is that "Color of title is a paper-writing (usually a deed) which professes and appears to pass the title, but fails to do so." This appears to us to be the best and clearest definition of the three.

Applying that to this deed, the judge was correct in holding the deed to be color of title. In *Pearse v. Owens,* 3 N. C., 415, it was held that a deed from husband and wife, to which her private examination had not been taken, and which, therefore, was not valid, was *color* of title. This was cited with approval in *McConnell v. McConnell,* 64 N. C., 342, and is quoted in *Perry v. Perry,* 99 N. C., 273. In *Ellington v. Ellington,* 103 N. C., 58, *Smith, C. J.,* also holds that a deed from husband and wife, to which the privy examination of the wife has not been taken, is color of title sufficient to ripen title under adverse possession.

In *Smith v. Allen,* 112 N. C., 226, it is held, citing *Perry v. Perry, supra,* and other cases, that "a deed to which the privy examination of the married woman is not taken is color of title." In *Greenleaf v. Bartlett,* 146 N. C., 198, *Connor, J.,* in reviewing the authorities, quotes with approval the above cases of *Pearse v. Owens* and *Perry v. Perry,* that a "deed conveying the real estate of a married woman, without private examination, is color of title."

It may here be noted that the requirement of the private examination of a married woman to any conveyance was long ago abolished in England and in nearly all the States of this Union, including our adjacent States of South Carolina, Georgia, Alabama, Tennessee, Kentucky, West Virginia, Maryland, and Virginia. Besides North Carolina, there are only four other States in the Union retaining such requirement, Arkansas, Delaware, Florida, and Texas. 1 A. and E. Enc., 522, 523. In many

States it has been abolished by statute. In others it has been
held that words substantially like those in our Constitution,
Art. X, sec. 6, giving a married woman the right to convey her
realty "as if she were unmarried" *per se* prohibit the require-
ment of a privy examination in her conveyance, and indeed the
requirement in our Constitution of a private examination is
made only (Art. X, sec. 6) as to the conveyance by the husband
of his homestead. However, this Court, in a majority opinion,
has held that it will require a statute to abolish the exaction of
a privy examination. *Weathers v. Borders,* 124 N. C., 610.

"Acknowledgment is not ordinarily essential to the validity
of an instrument. Consequently an instrument properly exe-
cuted in other respects but defectively acknowledged is good
against everybody except subsequent creditors and purchasers
without notice. No one else can take advantage of the defect.
. . . The fact that an instrument is defectively acknowledged
will not affect its operative force as against the grantor and his
heirs." 1 Cyc., 526, 527, and many cases cited.

It is true that this is a conveyance from the wife to the hus-
band, and that Rev., 2107, requires, as to contracts by the wife
with the husband, that the officer, besides the certificate of privy
examination, must certify that such contract "is not unreason-
able or injurious to her."

If, however, it had been required that such certificate as to
the reasonableness of the transaction should be embraced in the
certificate to conveyances, its absence would have no more effect
than the absence of the certificate of a privy examination, that
is, while it would invalidate the conveyance, it would not pre-
vent it from being color of title.

Treating this defect in the acknowledgment as fatal to the
validity of this deed, it was sufficient as color of title which was
ripened by seven years adverse possession, under our authorities
as above quoted. The same is the general doctrine elsewhere
according to cases cited in 1 Cyc., 1087, which are summarized:
"A deed which purports to convey title will give color of title,
though it be not acknowledged or though it be defectively ac-
knowledged."

Cox *v.* R. R.

The evidence here of adverse possession from the death of the wife, the grantor, is amply sufficient. The building of a house on the land was not the beginning of the adverse possession, but only additional evidence. When the wife died, having had no children, the husband did not have tenancy by the curtesy, and the title went to her heirs at law, and possession by her husband became adverse to them, unless the contrary was shown, for the evidence was that he and his son after him, either in person or by their tenant, occupied and cultivated the land under known and visible metes and bounds for seven years.

The description of the land in the deed, after naming the township and county, "adjoining the land of John Stone on the north and west, and Hargrove heirs on the east, and Samuel Culbertson on the south, and bounded as follows, viz., containing 30 acres more or less," is not void for uncertainty, but the tract could be identified by parol evidence, if there had been any controversy in that regard. *Hudson v. Morton,* 162 N. C., 6; *Perry v. Scott,* 109 N. C., 377; *Farmer v. Batts,* 83 N. C., 387, where a list of descriptions is set out, some being held too indefinite and others not too indefinite to admit of parol testimony.

No error.