ZILLA T. GANN v. W. T. SPENCER.

(Filed 2 December, 1914.)

**Married Women—Contracts to Convey—Privy Examination—Color of Title—Betterments—Interpretation of Statutes.**

A paper-writing not under seal and signed by a *feme covert* without her privy examination, reading, "Received of W. T. S. $10, to be applied on the purchase of Z. G. land," adjoining certain other tracts of land, is construed as a contract to convey the land, and constitutes color of title thereto; and while the defendant, who was put into possession under the plaintiff's title, may not enforce specific performance because of the defective execution and probate, he is entitled to recover for the betterments he has made upon the lands, in the plaintiff's action for the possession, when he has made them in good faith, believing his title to be good, etc. Revisal, sec. 652 *et seq.*

APPEAL by defendant from *Lane, J.*, at Spring Term, 1914, of STOKES.

Civil action to recover the possession of a tract of land. There was a verdict and judgment for the plaintiff, and the defendant appealed.

*C. C. McMichael and N. O. Petree for plaintiff.*
*J. W. Hall and E. B. Jones for defendant.*

BROWN, J.   It is admitted in the case on appeal that the plaintiff·has a fee-simple title to the land described in the complaint, and that the defendant is in possession.   The fourth issue tendered by the defendant and refused·by the court presents the question as to whether the defendant is entitled to betterments under our statute.   The court below held that he was not, and in this we think there was error.   The defendant purchased the land in controversy from the plaintiff, who is a *feme covert,* and received from her the following paper-writing, towit :

Received of W. T. Spencer ($10) ten dollars, to be applied as a credit on the purchase of Zilla Gann land, adjoining the lands of Sam Nelson, William Spencer, Henry Williams, and others.
This 30 August, 1909.                                   ZILLA GANN.

It is undoubtedly true, as contended by the plaintiff, that under the law as laid down in *Scott v. Battle,* 85 N. C., 184, the defendant would not be entitled to betterments, being a married woman, and her contract to sell the land or bond for title without privy examination being void.

At the date of·that decision the statute, Battle's Revisal (1873), ch. 17, sec. 262 *et seq.,* enacted that "Where any person or those under whom he claims, while holding the premises under a title believed by him, or them, to be good, have made permanent improvements thereon, they may be allowed for the same over and above the value of the use and occupation of the land," and it provides the machinery for ascertaining and enforcing payment of the amount.   *Scott v. Battle* was decided when this act was in force; but in 1883. by The Code, after the case was published, the Legislature changed the wording of the law so as to meet the decision and remove this objectionable. construction of the law and the injustice flowing therefrom.

The Code provided, and it was brought forward in the Revisal of 1905, sec. 652 *et seq.,* that it should be sufficient to entitle such a person to the value of his betterments, or rather to the amount by which they had enhanced the value of the land, if he had "held the premises *under a color of title* believed by him to be good."

We have held from the earliest period that a married woman's deed defectively executed or acknowledged or without proper privy examination, while a nullity as to her, is nevertheless good color of title.   *Pearse v. Owens,* 3 N. C., 234; *Ellington v. Ellington,* 103 N. C., 58; *Perry v. Perry,* 99 N. C., 273; *Smith v. Allen,* 112 N. C., 226, citing *Perry v. Perry, supra; Greenleaf v. Bartlett,* 146 N. C., 495, where *Justice Connor* reviews the authorities and holds such a deed to be color of title,

approving *Pearse v. Owens* and *Perry v. Perry.* It also falls clearly within the principles and definition of color established in *Tate v. Southard,* 10 N. C., 121; *Dobson v. Murphy,* 18 N. C., 586; *Smith v. Proctor,* 139 N. C., 324; *Avent v. Arrington,* 105 N. C., 390; *Keener v. Goodson,* 89 N. C., 273, and many other cases to the like effect.

At this term, in *Norwood v. Totten,* 166 N. C., 648, we have expressly decided that such a deed, while not binding upon the *feme,* is nevertheless valid as color of title, and that case was an extreme one, as the deed there was made by the wife to the husband without privy examination. The conclusion is inevitable that the paper in this case is color of title, and, therefore, comes within the very words of the present statute. It is so very just and right it should be so that if there were any substantial doubt about it our minds should incline to that construction of the law which would prevent so great a wrong.

We said in *Burns v. McGregor,* 90 N. C., 222, at marg. p. 224: "The wife having obtained the title to the land she desired to own, availing herself of her disabilities as a married woman, refused to pay the difference in price of the two tracts, or to execute the mortgage to secure it, as she agreed to do. Having gotten the title, she seeks to avoid paying a part of what she justly owes and agreed to pay for it. She repudiates her contract and desires to obtain the fruit of so much of it as is beneficial to herself. This the law will not tolerate.

"The Constitution and the statute wisely extend large and careful protection and safeguards to married women in respect to their rights and property, but it is no part of their purpose to permit, much less help, one of them perpetrate a fraud, if by possibility, under some sinister influence, she should attempt to do so. It would be a reproach upon the law if such a thing could happen."

And again, at marg. p. 225: "The wife may, under an engagement not legally binding upon her, refuse to pay her debt; but if she does so, she cannot keep the property for which the debt was contracted. It would contravene the plainest principles of justice to allow a married woman to get possession of property under an engagement not binding upon her and let her repudiate her contract and keep the property. She must observe and keep her engagement, or else return the property; if she will not, the creditor may pursue and recover it by proper action in her hands," citing, among others, *Atkinson v. Richardson,* 74 N. C., 455; *Bunting v. Jones,* 78 N. C., 242; *Newhardt v. Peters,* 80 N. C., 166; *Hall v. Short,* 81 N. C., 273; *Johnson v. Cockran,* 84 N. C., 446.

*Smith, C. J.,* speaking of this statute, says, in *Justice v. Baxter,* 93 N. C., at p. 409: "To apply the artificial rule in equity laid down by the Court to a case like the present would be, in our opinion, to emasculate the statute of all its virtue and render it meaningless. For if he who

improves land must see to it, in order to reap its benefits, that his title is not defective, he would not need its aid; and if he cannot be compensated for his outlay, if it is defective, it would be wholly useless and unnecessary.

"It is just such contingencies, when the ameliorating work has been done *bona fide* and under the honest belief of having title, that the statute interposes and says to the true owner, You are entitled to your land, but it is inequitable for you with it to take the enhanced value of the expenditure and labor of another honestly put upon it."

And again: "The beneficent provisions of the statute would be defeated by a construction which charges the *bona fide* claimant under a deed in form and purpose purporting to convey a perfect title with a knowledge of imperfections which might be met with in the deduction of his own title. It was not so extended, and if the petitioner's case, as he presents it, is not embraced in its terms, it is a useless encumbrance upon the statute-books."

Referring to *Merritt v. Scott*, 81 N. C., 385, the case of a life tenant making improvements, and distinguishing it, he further says: " 'But the owner of land,' as the Court in the opinion remarks, 'has no just claim to anything but the land itself, and a fair compensation for being kept out of possession; and if it has been enhanced in value by improvements made under the belief that he was the owner, the increased value he ought not to take without some compensation to the other. This obvious equity is established by the act.' "

It is in evidence that the plaintiff put the defendant in possession of this land under a contract to sell him the same, and at the same time received from him a part of the purchase money and gave him the paper-writing *supra*. Being in possession under this paper-writing, it is color of title within the meaning of the statute for the rights and interest which the defendant claims in the land.

It purports on its face to be a contract for the sale of the land, in effect a bond for title, and the only reason the defendant cannot enforce the specific performance of it is because the plaintiff is a *feme covert* and her privy examination was not taken.

But that does not deprive it of its character as color of title, accompanied by the possession of the land under it. A bond for title is color of title; a paper-writing not under seal is color. *Avent v. Arrington*, 105 N. C., 377.

As we have before stated, privy examination is not necessary in order to constitute color. For these reasons we are of opinion that his Honor erred in holding that under our statute the defendant was not entitled to betterments.

The defendant will be allowed to file an amendment to his answer or a petition under the statute, setting forth the character of the betterments and the value of them, and such other matters as are pertinent to a claim under the statute for betterments.

New trial.