WRIGHT KNIGHT, JR., ET ALS. v. JOHN L. ROPER LUMBER COMPANY.

(Filed 24 March, 1915.)

**Deeds and Conveyances—Contracts to Convey Lands—Bond for Title—Third Persons—"Color"—Adverse Possession—Limitations of Actions.**

While the mere possession of the obligee under a bond for title or executory contract to convey lands, with full and sufficient description, will not ordinarily be held as adverse to the obligor, it is otherwise as to third persons who do not claim title under him; and, as to them, the continuance of the possession for the statutory period, under the contract, falls within the definition of "color," and will ripen the title in the claimant.

APPEAL by defendant from *Peebles, J.,* at November Term, 1914, of CRAVEN.

Civil action to recover damages for wrongfully cutting timber on a tract of land; involving also an issue as to title.

The action was instituted on 10 April, 1912. Title was admitted to be out of the State. As evidence tending to show title, plaintiff intro-

duced a bond for title or contract to convey the land in fee to Wright Knight, ancestor of plaintiffs, from Samuel Peel and wife, Lucinda, bearing date 7 March, 1874, describing the land by specific metes and bounds, and offered evidence tending to show that said Wright Knight entered on the land under said bond, built a shanty thereon, and continued to occupy, asserting his claim, till his death, in 1910, and plaintiffs had been in possession since that time; that, after the death of his father, Wright Knight, Jr., carried the paper-writing to Samuel Peel and the execution thereof was duly acknowledged by him before a justice and was registered as such acknowledgment, 17 January, 1911.

The cutting complained of occurred in 1911. The case described that, while defendant showed a grant from the State and mesne conveyances to the company, there was no connection between such title and the claim or title of Samuel Peel, etc.

Verdict and judgment for plaintiff, and defendant excepted and appealed, assigning for error that the court held the bond for title good as color of title.

*A. D. Ward, D. L. Ward, C. A. York for plaintiff.*
*Moore & Dunn for defendant.*

HOKE, J. Color of title has been defined as a "paper-writing, usually a deed, which professes and appears to pass the title, but fails to do so." *Norwood v. Totten,* 166 N. C., 648.

We were referred by counsel to decisions of other courts to the effect that the bond for title or an executory contract to convey land does not come within the definition, and this on the ground, chiefly, that the instrument in such case does not purport or profess to pass any title, and, further, that the occupation of a vendee under such a paper is not adverse. But, to our minds, and in reference to the principle involved, these courts do not correctly interpret such a contract nor the character of the claimant's occupation under it. It is true that, as against the vendor, the possession of the vendee, occupying under such a contract, does not, as a rule, become hostile or adverse until something has occurred that places one of the parties in the position of resistance to the claim of the other, and, until that time, the ordinary statute of limitations does not begin to operate. It has been so held with us in *Worth v. Wrenn,* 144 N. C., 656, and authorities cited. But, as against third persons, strangers to the title or claims of both vendor and vendee, a contract of this character should be construed as an instrument purporting to pass at least an equitable interest, considered an estate with us, and the vendee in possession under it, asserting ownership, should be properly regarded as holding adversely against all others, and, if such possession is main-

tained for the requisite statutory period, it should, in our opinion, have the effect of maturing the title. This position has been directly upheld elsewhere by courts of recognized authority. *McNeely v. Oil Co.,* 52 W. Va., 616; *Fair v. Gurthwright,* 5 Ga., 6; *Elliott v. Mitchell,* 47 Tex., 445, and Wood on Limitations, sec. 260, where the author says, among other things: "But where a contract is made for the sale of land upon the performance of certain conditions, and the purchaser enters into possession under the contract, the possession from that time is adverse to all except the vendor."

There have heretofore been several cases in our own Court which have gone very far in approval of the principle (*Burns v. Stewart,* 162 N. C., 360; *Greenleaf v. Bartlett,* 146 N. C., 495; *Brown v. Brown,* 106 N. C., pp. 451-460; *Avent v. Arrington,* 105 N. C., 377), and it was directly so decided with us at the last term, in *Gann v. Spencer,* 167 N. C., 429, a case where a bond for title was held to be good as color.

It is said, in some of these decisions, among others, the Georgia cases, *supra,* that the contrary view seems to have the weight of authority in its support, but we are satisfied, on further reflection, that the position as it now obtains here is in accord with the better reason and are of opinion that his Honor made correct decision in holding that the written contract to convey was good as color of title.

In connection with the question presented, we consider it desirable to call attention to the cases of *Jaspar v. Scharnikow,* 150 Fed., 571, and *Power v. Kitching,* 10 N. D., 254, as annotated in two of our standard publications, the first in L. R. A. (N. S.), 1178, and the second in 88 Am. St. Rep., 691, where the learning on the subject will be found very fully stated.

There is no error, and the judgment in plaintiff's favor is affirmed.

No error.