IN THE SUPREME COURT OF NORTH CAROLINA

No. 162A16

Filed 21 December 2016

IN THE MATTER OF FORECLOSURE OF A DEED OF TRUST EXECUTED BY
GORDON F. LUCKS dated July 14, 2006 and recorded in Book 4254, Page 96 in
the Buncombe County Public Registry

Appeal pursuant to N.C.G.S. § 7A-30(2) from the unpublished decision of a
divided panel of the Court of Appeals, ___ N.C. App. ___, 785 S.E.2d 185 (2016),
reversing an order entered on 30 December 2014 by Judge Bradley B. Letts in
Superior Court, Buncombe County. Heard in the Supreme Court on 10 October 2016.

Troutman Sanders LLP, by D. Kyle Deak, for petitioner-appellee Deutsche Bank
National Trust Company, Trustee.

Ferguson, Hayes, Hawkins & DeMay, PLLC, by James R. DeMay, for
respondent-appellant.

NEWBY, Justice.

The contractual right of foreclosure by power of sale under a deed of trust is a
non-judicial proceeding. In the comprehensive statutory framework governing non-
judicial foreclosure by power of sale set forth in Chapter 45 of our General Statutes,
the General Assembly has prescribed certain minimal judicial procedures, including
requiring notice and a hearing designed to protect the debtor's interest. The hearing
official then authorizes the foreclosure to proceed or refuses to do so. In this informal
setting, a creditor must establish, among other things, the existence of a debt, default,

and its right to foreclose, and a debtor may raise evidentiary challenges. The Rules of Civil Procedure applicable to formal judicial actions do not apply. The debtor has the option to file a separate judicial action to enjoin the foreclosure.

Here, because the creditor failed to establish the substitute trustee's authority to foreclose under the deed of trust, the trial court properly refused to authorize the creditor to proceed with the foreclosure. Nonetheless, the trial court erroneously entered a "dismissal with prejudice." The refusal to authorize the creditor to proceed is not a "dismissal"; it does not implicate res judicata or collateral estoppel in the traditional sense. While the creditor may not proceed with non-judicial foreclosure on the same default, it may proceed on the same default through foreclosure by judicial action. The creditor may also proceed non-judicially under power of sale based upon a different default. Because the Court of Appeals erred by finding that the creditor established the successor trustee's authority to proceed under the deed of trust, we reverse the decision of that court, which reversed the trial court's evidentiary ruling.

In July 2006, Gordon F. Lucks (borrower) executed a promissory note with IndyMac Bank, F.S.B. (the Note) in the principal amount of $225,000 to purchase real property situated in Buncombe County. The debt is repayable through monthly installments, with each payment due on the first of the month, and matures on 1 August 2036. The Note includes default and acceleration provisions.

At the same time, borrower executed a deed of trust on the property, naming Robert P. Tucker II as trustee, which was recorded with the Buncombe County Register of Deeds. The deed of trust provides for non-judicial foreclosure by power of sale. Deutsche Bank National Trust Company (Deutsche Bank)[1] currently holds the Note and asserts that borrower "has not paid any amount due and owing under the Note since October 1, 2010."

In September 2013, the Ford Firm, acting as substitute trustee under the deed of trust, initiated a hearing for non-judicial foreclosure under N.C.G.S. § 45-21.16 for borrower's failure to make payments. The Assistant Clerk of Superior Court, Buncombe County "dismissed" the case for failure to present documentation appointing the Ford Firm as substitute trustee.

In June 2014, Cornish Law, PLLC, now acting as substitute trustee, initiated a new hearing for non-judicial foreclosure based on borrower's failure to make payments.[2] The Assistant Clerk found proper documentation established that "The Ford Firm was the Trustee at the time of the [prior] dismissal," and since "Cornish Law, PLLC is in privity with The Ford Firm," the "action is barred by Res Judicata"

---

[1] Deutsche Bank National Trust Company acts as Trustee of the Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2006-D, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2006-D, under the Pooling and Servicing Agreement dated September 1, 2006, the purported beneficiary under the deed of trust.

[2] It is unclear from the record if the new substitute trustee was proceeding under a different default.

and again "dismissed" the case. Deutsche Bank appealed the matter to superior court. *See* N.C.G.S. § 45-21.16(d1) (2015).

At the de novo hearing in superior court, Deutsche Bank tendered a series of documents to establish the substitute trustee's right to proceed with non-judicial foreclosure, which included various copies of powers of attorney. One such document, marked "Exhibit 4," is the crucial document at issue in this appeal, without which the substitute trustee lacks authority to act under the deed of trust. The document is purported to be a limited power of attorney appointing a service company to act on Deutsche Bank's behalf, which, in turn, was relied upon to appoint the substitute trustee.[3]

Deutsche Bank called a witness who testified that she was "employed by" the service company, but Deutsche Bank did not establish her position, role, or duties in the handling of records. Regarding the document marked Exhibit 4, the employee stated that a different firm "prepared the power of attorney," that "normally we record the power of attorneys," and that, "[i]n this case we try to record it to the state

---

[3] Deutsche Bank tendered, *inter alia*, an exhibit appointing Cornish Law, PLLC, as substitute trustee, which was executed by a representative of the service company, acting on the Bank's behalf. *See* N.C.G.S. § 45-10(a) (2015) (allowing the noteholder to appoint a successor trustee). Because a break in any one link in the chain leading to the appointment of the substitute trustee deprives the creditor of the authority to foreclose under the deed of trust, we need not analyze the other alleged deficiencies. *See Smith v. Allen*, 112 N.C. 223, 225-26, 16 S.E. 932, 932 (1893) (citing *Hill v. Wilton*, 6 N.C. (2 Mur.) 14, 18 (1811)).

. . . where the headquarters would be," which she "believe[d] . . . would be Charlotte." The City of Charlotte is located in Mecklenburg County.

Deutsche Bank tendered Exhibit 4, which is a photocopy, fourteen pages in length, signed by a Bank officer on 21 November 2013 and notarized. The last page revealed a recording stamp from the Register of Deeds in Montgomery County, not Mecklenburg County, which states the document was recorded in 2010, three years before the purported execution, and that the document is eleven pages in length, not fourteen. Borrower objected to the Exhibit's admission into evidence, noting the "recording information appears to precede the date of signatory on that instrument." Counsel for Deutsche Bank stated that she "believe[d] that was an error in stapling the exhibit." Nonetheless, no witness testified about the discrepancy. Deutsche Bank did not request the trial court take judicial notice of any recorded version of Exhibit 4 or make other arguments for the admission of Exhibit 4.

The trial court sustained borrower's objection to the admission of Exhibit 4 for "failure to provide a proper foundation and hearsay," noting that "the document is internally inconsistent" and "has inconsistent dates." Because Exhibit 4 is essential in establishing the substitute trustee's authority to proceed with the foreclosure, the trial court "dismissed with prejudice" the case for insufficient evidence. Deutsche Bank timely appealed the matter to the Court of Appeals.

In a divided opinion, the Court of Appeals reversed the trial court's dismissal. *In re Foreclosure of Lucks*, ___ N.C. App. ___, 785 S.E.2d 185, 2016 WL 1321155 (2016) (unpublished). The majority noted that "the evidentiary rules are slightly more relaxed in the context of a foreclosure hearing than in normal litigation," *id.*, 2016 WL 1321155, at *2, and concluded that the trial court erred by sustaining borrower's objection to Exhibit 4 "on the basis of lack of 'proper foundation and hearsay,' " *id.* at *3. The dissent opined that any relaxation of the evidentiary rules "is not supported by citation or case law," *id.* at *4 (Hunter, J., dissenting), and, noting borrower failed to establish alternative means to admit Exhibit 4, concluded the trial court properly excluded the Exhibit, *id.* at *7. Borrower appeals as a matter of right.

Non-judicial foreclosure by power of sale arises under contract and is not a judicial proceeding. *See In re Foreclosure of Michael Weinman Assocs. Gen. P'ship*, 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993) (A power of sale is contractual and allows the creditor to sell the mortgaged property "without any order of court in the event of a default." (quoting James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 281, at 331 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 3d ed. 1988))). Though states have adopted differing views,[4] by at least 1830, North

---

[4] *See* 1 Grant S. Nelson et al., *Real Estate Finance Law* § 7:20, at 944 & nn.1, 2 (6th ed. 2014) (noting that thirty-five jurisdictions allow non-judicial foreclosure by power of sale, of which North Carolina and Colorado are the only states requiring an "opportunity for a hearing before the foreclosure sale"); *compare, e.g.*, *Ex parte GMAC Mortg., LLC*, 176 So. 3d 845, 848-49 (Ala. 2013) (no judicial oversight), *with Handler Constr., Inc. v. CoreStates Bank, N.A.*, 633 A.2d 356, 362-63 (Del. 1993) (foreclosure only available by judicial action).

Carolina had allowed power of sale foreclosures under deed of trust. *See Harrison v. Battle*, 16 N.C. (1 Dev. Eq.) 537, 542 (1830).

The General Assembly has crafted Chapter 45 to be the comprehensive and exclusive statutory framework governing non-judicial foreclosures by power of sale. *E.g.*, N.C.G.S. §§ 45-21.16 (2015) (notice and hearing requirements), -21.26 (2015) (reporting of sale), -21.27 (2015) (upset bid), -21.29 (2015) (orders for possession); *see also* Durant M. Glover, Comment, *Real Property—Changes in North Carolina's Foreclosure Law*, 54 N.C. L. Rev. 903, 913-15 (1976) (discussing the evolution of non-judicial foreclosure statutes). The Rules of Civil Procedure do not apply unless explicitly engrafted into the statute. *E.g.*, N.C.G.S. § 45-21.16(a) (requiring service as "provided by the Rules"); *see also In re Ernst & Young, LLP*, 363 N.C. 612, 620, 694 S.E.2d 151, 156 (2009) (holding that N.C.G.S. § 105-258(a) (2007) prescribed "its own specialized procedure that supplants the Rules"). By establishing an exclusive procedure, non-judicial foreclosure does not require the filing of an action.[5] Nonetheless, Chapter 45 does require a minimal degree of judicial oversight for the sole purpose of requiring a creditor to establish its right to proceed with the foreclosure. *See* N.C.G.S. § 45-21.16(d). The creditor must give notice of a hearing. *Id.* § 45-21.16(a). Given the fluid nature of the debtor-creditor relationship and the

---

[5] "Any notice, order, or other papers required by this Article to be filed in the office of the clerk of superior court shall be filed in the same manner as a special proceeding." N.C.G.S. § 45-21.16(g).

state and federal oversight of foreclosure proceedings,[6] there are multiple reasons why a creditor might choose not to proceed with the hearing. For example, a debtor may seek to remit late mortgage payments, or changes in law may alter foreclosure requirements, thus affecting the creditor's ability to proceed. Such a decision to refrain from proceeding is not a "dismissal" but simply a withdrawal of the notice and has no collateral consequence.

Section 45-21.16 requires a creditor to give the debtor adequate notice of a hearing, which initially occurs before the clerk of court. *See id.* § 45-21.16(a), (d); *see also In re Foreclosure of Goforth Props., Inc.*, 334 N.C. 369, 374, 432 S.E.2d 855, 858 (1993) (Section 45-21.16 does not "alter the essentially contractual nature of the remedy, but rather [ ] satisf[ies] the minimum due process requirements." (quoting *In re Foreclosure of Burgess*, 47 N.C. App. 599, 603, 267 S.E.2d 915, 918, *appeal dismissed*, 301 N.C. 90 (1980))). The statute provides for a relaxation in the formal rules of evidence at the hearing. *See* N.C.G.S. § 45-21.16(d) ("The clerk . . . may consider, in addition to other forms of evidence required or permitted by law, affidavits and certified copies of documents."). The creditor must show the existence of (i) a valid debt, (ii) default, (iii) the right to foreclose, (iv) notice, and (v) "home loan"

---

[6] *See, e.g.*, Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3751-3768 (2012) (governing non-judicial power of sale foreclosure of mortgages held by the Department of Housing and Urban Development on single-family homes, thereby preempting state law); *see also* 12 C.F.R. § 1024.41(g) (2016) (prohibiting foreclosure sale under certain circumstances "[i]f a borrower submits a complete loss mitigation application").

classification and applicable pre-foreclosure notice, and (vi) that the sale is not barred by the debtor's military service. *Id.* The evidentiary rules are the same when the trial court conducts a de novo hearing on an appeal from the clerk's decision. *See id.* § 45-21.16(d1).[7]

At the hearing the debtor is free to raise evidentiary objections "tending to negate any of the [ ] findings required under N.C.G.S. § 45-21.16," *In re Goforth Props.*, 334 N.C. at 374-75, 432 S.E.2d at 859, or the debtor may seek to enjoin the foreclosure in a separate judicial action, N.C.G.S. § 45-21.34 (2015); *see also id.* § 45-21.17A(f), (g) (2015) (setting requirements for bringing actions to set aside the sale for failure to provide notice). Once the creditor has established the various elements of N.C.G.S. § 45-21.16(d), "the clerk shall authorize the [creditor] to proceed under the instrument." *Id.* § 45-21.16(d).

If the clerk or trial court does not find the evidence presented to be adequate to "authorize" the foreclosure sale, this finding does not implicate res judicata or collateral estoppel in the traditional sense. *See* Note, *The Model Power of Sale Mortgage Foreclosure Act—An Appraisal*, 27 Va. L. Rev. 926, 929 (1941) ("[T]he principle of *res adjudicata* is therefore not applicable to" the "extra-judicial method of foreclosure."). While the creditor is prohibited from proceeding again with a non-

---

[7] "The act of the clerk in so finding or refusing to so find is a judicial act and may be appealed to" the appropriate trial court. N.C.G.S. § 45-21.16(d1).

judicial foreclosure on the *same* default, the creditor can proceed with a judicial foreclosure. *See* N.C.G.S. § 45-21.2 (2015) ("This Article does not affect any right to foreclosure by action in court . . . ."). Likewise, the creditor may proceed non-judicially on another default.

"The competency, admissibility, and sufficiency of the evidence is a matter for the [trial] court to determine." *Queen City Coach Co. v. Lee*, 218 N.C. 320, 323, 11 S.E.2d 341, 343 (1940). We review the trial court's exclusion of documentary evidence under the hearsay rule for abuse of discretion. *See State v. Blake*, 317 N.C. 632, 637-38, 346 S.E.2d 399, 402 (1986); *accord Horne v. Owens-Corning Fiberglas Corp.*, 4 F.3d 276, 283-84 (4th Cir. 1993). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." *State v. Riddick*, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) (citing, *inter alia*, *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

The precise question before this Court is whether the trial court abused its discretion by finding Deutsche Bank failed to establish the appointment of the substitute trustee, a prerequisite to its right to proceed with non-judicial foreclosure, and if so, what is the effect of that decision. Exhibit 4 is essential to the substitute trustee's appointment. Though the Court of Appeals majority was correct in noting that the evidentiary rules are more relaxed in the non-judicial foreclosure setting, given the significant internal inconsistencies in the power of attorney at issue and

Deutsche Bank's failure to present alternative grounds for admissibility, we conclude that the trial court did not abuse its discretion in refusing to admit Exhibit 4 into evidence.

Exhibit 4 is plainly internally inconsistent. *See* 5 John Henry Wigmore, *Evidence in Trials at Common Law* §§ 1421, 1422, at 253-54 (James H. Chabourn ed., 1974) (Trustworthiness and necessity are the hallmarks of admissibility.) Deutsche Bank tendered the Exhibit as a photocopy, fourteen pages in length, executed in 2013. The last page, which contains a recording stamp from the "Montgomery County, NC" Register of Deeds, indicates the Exhibit is only eleven pages in length and was recorded in 2010. *Cf. id.* § 1557, at 481 (explaining that "specific errors" undermine a record's trustworthiness (emphasis omitted)). While there were ways to overcome the inconsistency, none were effectuated here. *See, e.g.*, N.C.G.S. § 45-10(a) (2015) (allowing noteholder to appoint substitute trustee directly); *id.* § 45-21.16(d) (allowing "affidavits and certified copies"); *see also id.* § 8C-1, Rule 201(d) (2015) (judicial notice); *id.*, Rule 803(6) (2015) (business records). Deutsche Bank could have provided a photocopy of the recorded document from the proper county register of deeds, but did not do so. *See id.* § 47-28(a) (2015) ("[P]owers of attorney affecting real property . . . shall be registered in the office of the register of deeds of the county in which the principal is domiciled or where the real property lies.").

Though the superior court correctly refused to authorize the substitute trustee to proceed, the court erroneously entered a "dismissal with prejudice." Non-judicial

foreclosure is not a judicial action; the Rules of Civil Procedure and traditional doctrines of res judicata and collateral estoppel applicable to judicial actions do not apply. To the extent that prior case law implies otherwise, such cases are hereby overruled. While it is true that Deutsche Bank is barred from proceeding again with non-judicial foreclosure based on the *same default*, the Bank may nonetheless proceed with foreclosure by judicial action.[8] The Bank may also proceed with non-judicial foreclosure based upon a *different default*. The trial court's order is to be interpreted consistent with this analysis.

Though the evidentiary requirements under non-judicial foreclosure proceedings are relaxed and there were ways to overcome the Exhibit's inconsistencies, we cannot conclude the trial court had no reasonable basis to exclude Exhibit 4. Accordingly, we reverse the decision of the Court of Appeals, which reversed the evidentiary ruling of the trial court.

REVERSED.

HUDSON, J. concurring in result.

I agree that this Court should reverse the decision of the Court of Appeals and affirm the trial court's dismissal of this attempt to foreclose by power of sale. I would

---

[8] The Note indicates payments are due in monthly installments on the first day of the month, maturing on 1 August 2036.

focus, however, on the primary argument of the parties, which addresses whether the trial court properly excluded exhibits that were necessary to establish the right to foreclose. I agree with the majority that Exhibit 4 "is the crucial document at issue in this appeal." Thus, we should review the trial court's decision to exclude Exhibit 4 "based upon a failure to provide a proper foundation and hearsay." I conclude that the trial court acted appropriately in excluding Exhibit 4.

In addition, I would explain more fully and precisely the statutory basis for the proper scope of the applicability of the Rules of Evidence and Rules of Civil Procedure in power-of-sale foreclosures. First, the majority agrees with the Court of Appeals majority's broad statement that the evidentiary rules are more relaxed in the non-judicial foreclosure setting. I would clarify that the Rules of Evidence are relaxed only in the hearing before the clerk and only to the extent specifically provided for in N.C.G.S. § 45-21.16(d). In the de novo hearing in the trial court, however, the statute does not specifically provide for any relaxation of the rules, so the Rules of Evidence apply fully, as in any court proceeding, per Rules of Evidence 101 and 1101. N.C. R. Evid. 101 (These rules govern proceedings in the courts of this State to the extent and with the exceptions stated in Rule 1101."); *id.* R. 1101 ("Except as otherwise provided in subdivision (b) or by statute, these rules apply to all actions and proceedings in the courts of this State.").

Second, the majority announces that the "Rules of Civil Procedure do not apply unless explicitly engrafted into the statute." I do not agree. The very first sentence

of the Rules of Civil Procedure, which are themselves a statutory enactment, provides: "These rules shall govern the procedure in the superior and district courts of the State of North Carolina in *all* actions and proceedings of a civil nature except when a differing procedure is prescribed by statute." N.C. R. Civ. P. 1 (emphasis added) (titled "Scope of Rules"). I do not agree with the majority's assertion that the Rules of Civil Procedure do not apply "unless they are engrafted into the statute"; the Rules themselves presume they apply in all proceedings in the courts unless a different procedure is prescribed. I conclude this creates a presumption that these rules apply; the majority has turned this presumption around, citing no authority.

Additionally, the statute distinguishes between the proceeding before the clerk and the de novo hearing in the trial court, although the majority does not. I would clarify that since N.C.G.S. § 45-21.16 prescribes a different procedure for the hearing before the clerk, *see* N.C.G.S. § 45-21.16(c)-(d1) (2015), the Rules of Civil Procedure do not apply; however, because the statute does not prescribe any such alternate procedure for the de novo hearing in the trial court, *see id.* § 45-21.16(e) (2015), I would conclude that the Rules of Civil Procedure apply there, as in any court proceeding, per Rule 1. As such, I concur in the result.

"When an appellate court reviews the decision of a trial court sitting without a jury, 'findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them . . . .' " *In re Foreclosure of Bass*, 366 N.C. 464, 467, 738 S.E.2d 173, 175 (2013) (quoting *Knutton v. Cofield*, 273 N.C. 355,

359, 160 S.E.2d 29, 33 (1968) (citations omitted)). Conclusions of law are reviewable by the appellate court de novo. *Id.* at 467, 738 S.E.2d at 175 (citing *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004)).

It does not appear that this Court has addressed the standard of review of a trial court's evidentiary determination in this particular context. The cases from the Court of Appeals are in conflict regarding whether an abuse of discretion or de novo standard of review is appropriate in the context of authentication of documentary evidence. *Compare State v. Watlington*, 234 N.C. App. 580, 590, 759 S.E.2d 116, 124 (reviewing a trial court's determination as to authentication of text messages de novo), *disc. rev. denied*, 367 N.C. 791, 766 S.E.2d 644 (2014), *and State v. Crawley*, 217 N.C. App. 509, 515, 719 S.E.2d 632, 637 (2011) (reviewing a trial court's determination as to authentication of cell phone records de novo), *disc. rev. denied*, 365 N.C. 553, 722 S.E.2d 607 (2012), *with In re Foreclosure by Goddard & Peterson, PLLC*, ___ N.C. App. ___, ___, 789 S.E.2d 835, 842 (2016) (reviewing evidentiary determinations by a trial court in a power-of-sale foreclosure proceeding for abuse of discretion), *and Brown v. City of Winston-Salem*, 176 N.C. App. 497, 505, 626 S.E.2d 747, 753 (using an abuse of discretion standard to review a trial court's determination as to authentication of spreadsheets with data under Rule 901), *cert. denied*, 360 N.C. 575, 635 S.E.2d 429 (2006). In this concurring opinion, I need not make a

determination about which standard of review should apply because the result would

be the same under either standard.[9]

Here the trial court concluded that Deutsche Bank (the Bank) "failed to offer

sufficient evidence . . . to proceed with the foreclosure." The trial court found that the

Bank "failed to prove [it] possessed the Right to Foreclose" after excluding several

exhibits including Exhibit 4, which was essential to establishing the substitute

---

[9] The majority opinion announces an abuse of discretion standard for reviewing "the trial court's exclusion of documentary evidence under the hearsay rule" and cites this Court's decision in *State v. Blake*, 317 N.C. 632, 637-38, 346 S.E.2d 399, 402 (1986). First, *Blake* does not support this statement. *Blake* states that "[r]ulings on questions arguably leading rest in the trial court's discretion and will not be disturbed in the absence of an abuse of discretion." *Blake*, 317 N.C. at 637, 346 S.E.2d at 402. In support of this statement, *Blake* cites *State v. Young*, 312, N.C. 669, 325 S.E.2d 181 (1985), which states that "[r]ulings by the trial court on leading questions are discretionary and reversible only for discretion." *Young*, 312 N.C. at 678, 325 S.E.2d at 187. Both cases specifically address the standard of review relating to leading questions. Neither case articulates a standard of review for evidentiary determinations under the hearsay rule. In fact, when *Blake* does discuss the hearsay issue, it seems to employ, although without specifically saying, a de novo review. *See Blake*, 317 N.C. at 638, 346 S.E.2d at 402.

Additionally, there are several cases from the Court of Appeals that explicitly utilize a de novo standard for reviewing trial court determinations regarding hearsay. *See, e.g.*, *State v. Hicks*, ___ N.C. App. ___, ___, 777 S.E.2d 341, 348 (2015) ("This Court reviews a trial court's ruling on the admission of evidence over a party's hearsay objection de novo." (citing *State v. Miller*, 197 N.C. App. 78, 87-88, 676 S.E.2d 546, 552, *disc. rev. denied*, 363 N.C. 586, 683 S.E.2d 216 (2009))), *disc. rev. denied*, 368 N.C. 686, 781 S.E.2d 606 (2016); *State v. Castaneda*, 215 N.C. App. 144, 147, 715 S.E.2d 290, 293 ("The trial court's determination as to whether an out-of-court statement constitutes hearsay is reviewed de novo on appeal." (quoting *State v. Miller*, 197 N.C. App. 78, 87-88, 676 S.E.2d 546, 552, *disc. rev. denied*, 363 N.C. 586, 683 S.E.2d 216 (2009)), *appeal dismissed and disc. rev. denied*, 365 N.C. 354, 718 S.E.2d 148 (2011).

Second, it is not clear why the majority announces a specific, possibly new standard of review relating to hearsay when it does not analyze whether Exhibit 4 is hearsay or fits within a hearsay exception here. The majority simply concludes that because Exhibit 4 is "plainly internally inconsistent," the majority "cannot conclude the trial court had no reasonable basis to exclude" it.

trustee's appointment. The trial court excluded Exhibit 4 "based upon a failure to provide a proper foundation and hearsay." During the de novo hearing before the trial court, the trial court specifically noted, as to Exhibit 4, that "[t]he Court would determine this is not only a – taken no exception to hearsay rule, but also the document is internally inconsistent. I would further note this document is presented to the Court from counsel which has inconsistent dates." Thus, the precise issue before this Court is whether the trial court acted appropriately in excluding Exhibit 4.

Subsection 45-21.16(d) specifically explains that in the hearing before the clerk, "the clerk shall consider the evidence of the parties and may consider, in addition to other forms of evidence required or permitted by law, *affidavits and certified copies of documents*." N.C.G.S. § 45-21.16(d) (emphasis added). This provision allows affidavits to be used in place of live testimony when "the 'necessity for expeditious procedure' substantially outweighs any concerns about the efficacy of allowing [the witness] to testify by affidavit." *In re Foreclosure of Brown*, 156 N.C. App. 477, 486, 577 S.E.2d 398, 404-05 (2003) (quoting *In re Custody of Griffin*, 6 N.C. App. 375, 378, 170 S.E.2d 84, 86 (1969)). The statute also allows clerks to consider "certified copies of documents," presumably in place of originals. N.C.G.S. § 45-21.16(d). The statute allows for these particular forms of evidence "in addition to other forms of evidence *required or permitted by law*." *Id.* (emphasis added). This means that aside from this narrow exception for affidavits and certified copies of

documents, the other evidence that the "clerk shall consider," *id.*, must generally conform to the Rules of Evidence. Accordingly, I conclude that the Rules of Evidence are relaxed in power-of-sale foreclosure hearings before the clerk only to the extent specifically provided for in N.C.G.S. § 45-21.16(d).

I further conclude that in a de novo hearing before the trial court, the Rules of Evidence apply fully, as in any court proceeding, per Rules of Evidence 101 and 1101. N.C. R. Evid. 101 (These rules govern proceedings in the courts of this State to the extent and with the exceptions stated in Rule 1101."); *id.* R. 1101 ("Except as otherwise provided in subdivision (b) or by statute, these rules apply to all actions and proceedings in the courts of this State."). Subsection 45-21.16(e) does not specifically provide for any relaxation of the rules of evidence for the court proceeding, as it does in subsection 45-21.16(d), for the hearing before the clerk.

The Bank sought to introduce Exhibit 4, which is a photocopy "of a document purporting to be a Limited Power of Attorney granting certain powers to Ocwen Loan Servicing, LLC." There is no stamp on Exhibit 4 certifying the exhibit as a true and accurate copy; thus, it is an uncertified copy.

The trial court specifically noted that the document has internal inconsistencies, particularly with dates and numbers of pages. The trial court also noted the lack of a "proper foundation." I conclude that the trial court acted

appropriately in excluding the document on this basis,[10] regardless of the applicable standard of review.

As noted above, I conclude that once this matter reached the superior court, the Rules of Evidence applied. Under the North Carolina Rules of Evidence, "[e]very writing sought to be admitted must be properly authenticated" in order to establish the foundation for the document's admissibility. *Inv'rs Title Ins. Co. v. Herzig*, 330 N.C. 681, 693, 413 S.E.2d 268, 274 (1992) (citations omitted). Rule 901 states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.C. R. Evid. 901(a). Rule 901 provides a nonexclusive list of ways evidence may be authenticated, including "Testimony of Witness with Knowledge" and "Public Records or Reports." *Id.* R. 901(b)(1), (7).[11]

---

[10] Because this matter can be resolved based upon the trial court's exclusion of Exhibit 4 for failure to provide a proper foundation, in my view this Court need not reach the alternate ground for inadmissibility noted by the trial court, i.e., hearsay.

[11] Rule 901 reads in pertinent part:

> (b) Illustrations.-- By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

> > (1) Testimony of Witness with Knowledge.-- Testimony that a matter is what it is claimed to be.
> > . . . .

> > (7) Public Records or Reports.-- Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of

Rule 902 provides for methods of self-authentication of evidence. Specifically, "[e]xtrinsic evidence of authenticity . . . is not required with respect to the following: . . . (4) Certified Copies of Public Records . . . [and] (8) Acknowledged Documents." *Id.* R. 902.[12]

The Bank's attorney here did question a live witness (Ms. Lyew) but in so doing, failed to lay enough of a foundation to establish the authenticity of Exhibit 4. Counsel did not elicit testimony regarding the witness's job responsibilities, work experience, time of employment with Ocwen, or any other details showing her

---

this nature are kept.

N.C. R. Evid. 901(b)(1), (7).

[12] Rule 902 reads in pertinent part:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> (4) Certified Copies of Public Records.-- A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) or complying with any law of the United States or of this State.
>
> . . . .
>
> (8) Acknowledged Documents.-- Documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments.

*Id.* R. 902.

personal knowledge of the documents and loan in question. This testimony failed to satisfy minimal authentication requirements. Additionally, while evidence that a public record or report "is from the public office where items of this nature are kept" could serve to authenticate this document to the extent this document may qualify as a public record or report, *id.* R. 901(b)(7), the recording stamp included with Exhibit 4 contradicts the document itself and indicates that it was recorded in "Montgomery County, NC," and not "Charlotte" (Mecklenburg County), as the witness testified should be the case here. As such, there is no indication that this document was in fact recorded or, if so, where. Thus, Exhibit 4 does not satisfy the requirements of Rule 901. Finally, any argument under Rule 902 fails because the parties did not present that argument before the trial court.

In addition to not being authenticated, Exhibit 4 is internally inconsistent. As the majority notes, the recording stamp on Exhibit 4 indicates that the document is eleven pages in length and was recorded in 2010 in Montgomery County, North Carolina. In fact, the actual Exhibit 4 document is fourteen pages in length, was executed in 2013, and should have been recorded in Mecklenburg County, according to the witness.

Because Exhibit 4 is not a certified copy and it contained internal inconsistencies, and because no witness testified to personal knowledge about it, the trial court acted appropriately in excluding Exhibit 4, regardless of the applicable standard of review. Without Exhibit 4, the Bank failed to offer sufficient evidence of

the right to proceed with a power-of-sale foreclosure. The trial court's conclusion is supported by the findings of fact and by the evidence. Accordingly, the trial court's dismissal on this basis was entirely appropriate.

In addition, I agree with the majority that the Bank "is barred from proceeding again with non-judicial foreclosure based on the same default, [and that] the Bank may nonetheless proceed with foreclosure by judicial action." To reach that conclusion, however, I do not think it necessary or consistent with applicable statutory authority to deem the Rules of Civil Procedure inapplicable.

Turning to the foreclosure procedure at issue here, it is clear to me that in N.C.G.S. § 45-21.16 (codified in "Part 2. Procedure for Sale [Under Power of Sale]"), the General Assembly has prescribed by statute a different procedure for the hearing before the clerk. The details of that procedure are explained in subsections (c) through (d1) of N.C.G.S. § 45-21.16. If and when the matter is "appealed to the judge of the district or superior court," it is to be reviewed in a de novo hearing. N.C.G.S. § 45-21.16(d1). Once the case has moved into the district or superior court for the de novo hearing before a judge "who shall be authorized to hear the appeal," no further procedure is prescribed for that stage of the litigation. *Id.* § 45-21.16(e). Subsection (e) requires only that "[a] certified copy of any order entered as a result of the appeal shall be filed in all counties where the notice of hearing has been filed." *Id.* Because no differing procedure is prescribed in N.C.G.S. § 45-21.16(e) for the proceeding in

the district or superior court, I conclude that the Rules of Civil procedure apply there, in accordance with Rule 1. *See* N.C. R. Civ. P. 1.

Upon appeal from the clerk's determination, the trial court excluded Exhibit 4 and properly concluded that the Bank failed to establish its right to foreclose by power of sale. Dismissal of the matter, under the Rules of Civil Procedure, was the proper ruling at that point. Nonetheless, as to the claim based on this default, the Bank may still proceed with foreclosure by judicial action. *See* N.C.G.S. § 45-21.2 (2015) ("This Article ["Article 2A. Sales Under Power of Sale"] does not affect any right to foreclosure by action in court, and is not applicable to any such action.").

For the reasons set forth herein, I concur in the result.

Justices BEASLEY and ERVIN join in this concurring opinion.